Wilde *v.* Wilde.

CYNTHIA A. WILDE, Respondent, *v.* JONATHAN S.
WILDE, Appellant.

When the statute says an order may be made on due notice to the opposite side, it
means the statutory written notice of five days, and it would not be proper to
hear a motion and make the order until such notice had been given and the
full five days expired.

Under the statute providing for the payment of alimony *pendente lite*, the Court can-
not make an order for the payment of past expenses after the suit has been
finally decided against the wife, although the motion was made before the de-
cision of the case.

APPEAL from the District Court of the Second Judicial District,
Ormsby County, Hon. S. H. WRIGHT presiding.

The facts are stated in the Opinion.

*Geo. A. Nourse, Attorney General,* for Appellant.

*Clayton & Clarke,* for Respondent.

Opinion by BEATTY, J., LEWIS, C. J., concurring.

In this case, a bill seeking a decree of divorce from her husband
was filed by the plaintiff in the month of April. In the early part
of May an answer was filed. On the thirtieth day of May the
cause was set for trial on the eighth day of June.

On the fourth day of June, the plaintiff's attorney gave notice
that on the eighth (the same day the case had been set for trial)
he would move the Court for an allowance to be made the plaintiff
out of her husband's estate by way of alimony *pendente lite*, and
to enable her to prosecute the suit. This motion was called up at
the meeting of Court on the morning of the eighth, and defendant
objected to the motion being then heard, because he had not had
five days' notice thereof, and had not been served with a copy of the
affidavit on which the motion was based.

The Court took the motion under advisement, and directed the
plaintiff to serve on defendant a memorandum of amounts claimed
for the prosecution of suit, for support *pendente lite*, etc.

In the mean time the trial proceeded, and no further steps were
taken with the motion (unless it was the furnishing to defendant

the memorandum of accounts claimed, which the Court had di
rected) until the trial terminated in a judgment for the defendant.
The statute says an order for alimony in cases of this sort may be
made on " due notice." We think *due notice* means such notice as
is prescribed for all motions in the General Practice Act, that is, a
written notice of five days, when both parties reside in the district
where the motion is to be made, as in this case.

As only four days' notice was given, we think the Court could
not properly have heard and determined the motion at the time it
was called up, on the morning of the eighth of June, unless by
consent of defendant. As this consent was not given, we think the
motion was properly laid over.

In the mean time the case came on for trial, and that trial having
resulted in a judgment for defendant, we are of opinion that after
judgment, the Court could not proceed to determine the motion.

Alimony is granted to a wife applying for a divorce *pendente lite*,
because having made a *prima facie* case by her bill, she is entitled
to the means of establishing that case on trial if it can be done.

Usually a case cannot be brought to trial without money. There-
fore the law has provided in the case of married women, whose
property is generally entirely under the control of the husband,
that he shall furnish her out of the common property with sufficient
means to carry on the suit and determine whether she is entitled
to the relief sought in her bill. If this were not done, there might
be a total failure of justice, for a tyrannical husband might abuse
his wife to any extent and protect himself from the consequences
the law visits on such conduct, by denying her the means of assert-
ing her rights in a Court of Justice. But if it could be known
beforehand that the wife had no just cause of action, the law would
not compel the husband to pay the costs of a groundless suit brought
against himself. So after it has been determined by the judgment
of the Court that it was a groundless action, it would not be proper
to make an order for past costs and expenses of such action. Pay-
ing the costs after the suit was over and decided could not alter the
judgment.

In a proper case, where there was a motion for a new trial pend-
ing, or even an appeal pending, the Court below might, in its dis-
cretion, allow alimony to enable the wife to prosecute the case to

final hearing.   But when the controversy is entirely ended by a judgment for the husband, who is defendant, it is an error to make an order for past costs and expenses.   (See Sections 416 and 417 of Bishop on Marriage and Divorce.)

It is urged that this Court has no jurisdiction in this case because the amount ordered to be paid is less than three hundred dollars. This Court has jurisdiction in all Chancery cases, whatever may be the amount in controversy.   This comes within the jurisdiction of this Court.   The order complained of was made after judgment, and is therefore an appealable order under the statute.

The order directing the defendant Jonathan L. Wilde to pay one hundred and ninety-three dollars and seventy-five cents into Court is hereby reversed and set aside, and the Court below will make an order to that effect in its minutes.