[No. 2440]

## PEARL GREINSTEIN, RESPONDENT, v. MOSE GREINSTEIN, APPELLANT.

[191 Pac. 1082]

1. APPEAL AND ERROR—ASSIGNMENT OF ERRORS UNNECESSARY ON APPEAL ON JUDGMENT ROLL.

On appeal upon the judgment roll alone on which only errors appearing on the face of the judgment roll can be considered under 3 Rev. Laws, p. 3344, no assignment of errors is necessary.

2. DIVORCE—COURT CAN REQUIRE DEFENDANT HUSBAND TO CONVEY PART OF HIS SEPARATE ESTATE TO WIFE.

Under Rev. Laws, 5843, authorizing the court to set apart such portion of the husband's property as may be necessary to support the wife, to whom a divorce is granted, the court had authority to require the husband to convey a life interest in the home, which was his separate property, and was to convey his remainder in escrow to secure a cash payment which the husband was ordered to make.

3. DIVORCE—IN ABSENCE OF EVIDENCE, SUPREME COURT CANNOT REVIEW JUSTICE OF PROPERTY DIVISION.

On appeal from a divorce decree on the judgment roll alone, where the evidence is not before the supreme court, that court cannot consider whether the judgment and orders dividing the property are just and equitable.

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan,* Judge.

Action for divorce by Pearl Greinstein against Mose Greinstein. Judgment decreeing divorce to plaintiff, and requiring defendant to pay alimony and convey certain property to plaintiff, and defendant appeals from that part of the judgment requiring the conveyance of the property. **Affirmed.**

*Warren & Hawkins,* for Appellant:

Where the appeal is upon the judgment roll alone, no assignment of errors or bill of exceptions is necessary. Talbot v. Mack, 41 Nev. 245; Miller v. Walser, 42 Nev. 497.

There is no authority in the court granting a divorce on the ground of extreme cruelty to make any order disposing of the separate property of the husband, or

any interest therein, even though he be the guilty party, unless the wife has by contract, engagement, or transaction with him acquired such an interest as will give the court jurisdiction to exercise its discretion in the matter. Rev. Laws, 2155, 2189, 5841. If the findings of fact justified the lower court in awarding plaintiff an interest in the separate property of the defendant, the award was unjust and unreasonable in view of the condition and value of the estate, the gift of $500, and the monthly alimony decreed. Johnson v. Garner, 233 Fed. 758; Walker v. Walker, 41 Nev. 4; Darrenberger v. Haupt, 10 Nev. 43. "After a divorce granted to plaintiff, the law imposes upon defendant the duty of supporting her according to his ability and condition in life." Lake v. Bender, 18 Nev. 361. This is all the duty which a man owes to his divorced wife, and no court has a right to compel him to do more. "If, in an action of this character, the statute permits the court to decree to the wife any portion of the husband's separate property absolutely, it should never be done unless such action is reasonably necessary for the accomplishment of the primary object of the statute—support of the wife and minor children." Powell v. Campbell, 20 Nev. 232.

*Thomas A. Brandon,* for Respondent:

No errors can be properly considered on this appeal, for the reason that the alleged assignment of errors is not in conformity with the statute. The law provides that the line and page on which the alleged errors may be found must be specified, and in the alleged assignment of errors there is no compliance with this provision. The language of the statute is mandatory. "If the party fails to file *such assignment* within the time limited, no error shall be considered by the supreme court." Stats. 1919, p. 55.

The verdict of the jury, which was adopted and made a part of the findings, is substantially a finding for the

plaintiff on each material issue submitted to the jury and found in the complaint. The allegations of the complaint were all a part and portion of the charge of cruelty and inhuman conduct, which the jury found to be true; and the court, by adopting the verdict, also found the allegations to be true, and was therefore justified in its award of the property to the wife. Rev. Laws, 5841, 5843. "The two statutes may justly and reasonably, in a proper case, operate without antagonism, and the retention of section 5841 * * * is a statutory recognition of the power of a court of equity * * * to make such division of the property of the parties as their interest therein may appear, having regard to the limitations imposed." Walker v. Walker, 41 Nev. 4; Wuest v. Wuest, 30 Pac. 886; Powell v. Campbell, 20 Nev. 232; 1 R. C. L. 864, 927; 9 R. C. L. 447; 5 Ann. Cas. 469.

By the Court, SANDERS, J.:

This is an appeal upon the judgment roll alone. The judgment roll consists of the pleadings, the findings, and the judgment. No bill of exceptions was taken and filed. One was assigned against the findings, but the court declined to allow the same because it was not tendered within the time required by law. 3 Rev. Laws, p. 3342.

1. It will not be denied that on appeal upon the judgment roll alone only such errors can be considered as appear upon the face of the judgment roll. 3 Rev. Laws, p. 3344. Upon such an appeal, no assignment of errors is necessary. Miller v. Walser, 42 Nev. 497, 181 Pac. 437.

This was an action of divorce, brought by the wife upon the ground of the extreme cruelty of the husband. As incident to her right to a divorce, she asked that she be awarded $75 per month as permanent alimony; that she be decreed one-half of the community estate, and such portion of the separate estate of the defendant as shall be deemed just and equitable. The issue of fact,

extreme cruelty, was tried with a jury. Its verdict was:

"We, the jury in the above-entitled action, do hereby find that the plaintiff is entitled to a divorce from the defendant on the ground of extreme cruelty in the defendant."

The court adopted and incorporated the verdict as a part of its findings, and made full and explicit findings, and drew therefrom its conclusions of law, and rendered judgment in favor of the wife.

It appears from the findings that there was no community estate, but the defendant was the owner of separate property to the amount or value of between $5,000 and $6,000; that he had a "going business" of a fluctuating value. The lot and home in which the parties resided was the separate property of the defendant, and is referred to as lot No. 4, block 2, Haviland and Hoskins addition to the town of Winnemucca, Nevada, of the value of about $2,000, and the furniture therein of the value of about $100. The court found that the wife was without sufficient means, and unable physically to maintain and support herself, and that the husband was financially able to pay to her $65 per month as permanent alimony, and that the wife was entitled to the use and occupation of the home and lot, improvements thereon, and the furniture in the home, during the term of her natural life, or until she should have married again, and that she was entitled to receive from the defendant the sum of $250 cash, and the further sum of $250 on or before six months from the date of the judgment. Thereupon the court adjudged and ordered the husband to pay to the wife the sum of $65 per month as permanent alimony, until the further order of the court, and adjudged and ordered him to pay the said sum of $500 upon the terms mentioned in the judgment, and that he convey to the wife a life estate in lot No. 4, block 2, Haviland and Hoskins addition, upon condition that, upon the termination of the life estate or the remarriage of the grantee, the title to the

property be in the husband, his heirs or assigns. The husband was further adjudged and ordered to convey his remainder interest in the property by an escrow deed, upon condition that, if the deferred sum of $250 was not paid, the entire fee to the property should vest in the grantee. This appeal is not taken from the decree of divorce, but from that specific portion of the judgment and orders commanding the defendant husband to convey the premises as provided in the judgment.

It is the contention of counsel for appellant that the court exceeded its jurisdiction and was without power or authority to divest the appellant of his title to his separate property, or any part thereof, conditionally or otherwise, and vest it in the wife, and that if this court should be of the opinion that it was competent for the court to make such order, it be canceled and annulled, for the reason that it is not just and equitable.

2.    Upon the authority of section 27 of the Civil Practice Act (Rev. Laws, 5843), as construed by this court in the cases of Lake v. Bender, 18 Nev. 361, 4 Pac. 711, 7 Pac. 74; Powell v. Campbell, 20 Nev. 232, 20 Pac. 156, 2 L. R. A. 615, 19 Am. St. Rep. 354, we are of the opinion that the court did not exceed its jurisdiction, power, or authority to make the orders complained of.

3. .   There being no bill of exceptions, and the evidence not being before us, we are in no position to consider or determine whether the judgment and orders therein are just and equitable.

No error appearing upon the face of the judgment roll, the judgment is affirmed.