## CARROLL v. CARROLL

No. 2799

July 2, 1928.                                    268 P. 771.

*Cooke & Stoddard,* for Appellant:

*Cantwell & Springmeyer*, for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This is a suit for divorce instituted by appellant, the cause of action alleged being that of cruelty. The defendant denied the allegations of cruelty, and by counterclaim pleaded cruelty and adultery on the part of the plaintiff. To the counterclaim the plaintiff filed a reply wherein he denied the affirmative matter of the counterclaim, and also pleaded in abatement that, previous to the institution of the divorce suit, the defendant had instituted an action for separate maintenance wherein she alleged the identical matter pleaded by her in the counterclaim. There are no minor children.

Upon the trial the court entered judgment in favor of the defendant, awarding her separate maintenance in the sum of $200 monthly. The plaintiff appealed from the judgment only.

On his appeal plaintiff makes but three points: (1) That the trial court erred in disallowing his plea in abatement; (2) that the counterclaim does not state a cause of action; (3) that the award to the defendant of separate maintenance was improperly made.

■ We think there is no merit in the first contention. The cause of action pleaded by the plaintiff as a ground for divorce had not accrued at the time of the institution of the separate maintenance suit by the defendant, and, when she set up in this suit the matter which she had pleaded in the separate maintenance suit, she was not the originator of the proceeding, but was brought in against her will. She did not come into court of her own volition. She was forced in. The theory upon which the rule relied upon is that no one should be harassed by a multiplicity of suits. 1 C. J. 45. No such situation is here presented.

■ Furthermore, a plea in abatement must go to the

entire cause of action. In the separate maintenance suit the plaintiff therein did not seek nor wish a divorce. In the present action she is opposing plaintiff's action for a divorce, and incidentally seeking separate maintenance.

The test generally applied in determining whether the plea in abatement is well founded is whether there is substantial difference in the relief sought. 1 C. J. 70; Whitman Co. v. Baker et al., 3 Nev. 387.

■ In the instant case there is a substantial difference in the relief sought by the defendant from that which she sought in her separate maintenance suit, in that she now seeks to defeat plaintiff's demand for a divorce. The great weight of authority, and the better reasoning, is to the effect that the plea of a prior action applies only where the plaintiff in both suits is the same person, and not in cases in which there are cross-suits by one who is the defendant in another suit. 1 C. J. 82. The reason for this can be readily seen, especially in the circumstances in which the defendant finds herself in the instant case. She must necessarily plead a portion of the matter pleaded in her complaint in the separate maintenance suit or suffer an unjust cause of action, from her standpoint, to go undenied. If the law were as contended by plaintiff, the policy of the law not to encourage divorces would be overthrown by the law itself.

Counsel for plaintiff cites authorities which it is claimed sustains his contention, but on close analysis they are found to be not in point.

■■ But, if the views expressed were unsound, it was incumbent on the plaintiff to prove at the trial the pendency of the former suit. The presumption is that he did not do this, and, as there is no evidence before us, we must sustain the ruling. Phillips v. Winona etc. R. C. 37 Minn. 485, 35 N. W. 273, 5 Am. St. Rep. 867.

■ We think the contention that the counterclaim does not state a cause of action is well founded. This contention is based upon the proposition that there is no allegation of fact showing defendant's necessity for

separate maintenance. The allegation upon which defendant relies to support her claim of separate maintenance reads:

"That this defendant has not sufficient income to enable her to support herself, and to live in the manner to which she was accustomed prior to the aforesaid desertion of this defendant by the plaintiff, and, in order that defendant may continue to live in accordance with her station in life, and the manner to which she was accustomed, prior to the said desertion of her by plaintiff, it is necessary that plaintiff contribute to her support and maintenance of the sum of $500 per month."

It is said by plaintiff that this matter does not state facts, but conclusions, hence it is insufficient. We agree with this contention. It would be just as reasonable to hold that, to plead cruelty, all that would be necessary to allege would be that the defendant had treated the plaintiff cruelly. But we know that such an allegation would not be one of fact. Kelly v. Kelly, 18 Nev. 55, 51 Am. Rep. 732; Kapp v. District Court, 31 Nev. 444, 103 P. 235. In the trial of the instant case it was necessary for the defendant to produce evidence of her necessity, and that evidence could not have consisted of the mere statement that $500 is necessary to her support. She would have to give testimony as to various things, such as her age, her health, her station in life, and the like. These facts should have been pleaded.

In the case of Western Union Tel. Co. v. Henley, 23 Ind. App. 14, 54 N. E. 775, it was held that the naked allegation that it was necessary to send a telegram was a statement of a mere conclusion, and that the judgment should be reversed.

In 31 Cyc. 64, it is held that a mere allegation that something is "necessary" or "unnecessary" is a statement of a mere conclusion.

See, also, 1 Bancroft Code Pl. sec. 51; Slaughter v. Slaughter, 106 Mo. App. 104, 80 S. W. 3.

■ Plaintiff contends that, since the defendant did not move to strike the allegation he should not now be

heard to complain. Plaintiff demurred for the reason that the counterclaim did not state facts sufficient to constitute a ground of relief. A motion to strike was unnecessary.

■ In support of the last contention it is urged that this case is equitable in character, and that from a consideration of the principles of equity which control, under the pleadings, we should hold that it would be inequitable to sustain the award of separate maintenance. While divorce suits in this state are purely equitable in character (Thompson v. Thompson, 49 Nev. 375, 247 P. 545, 47 A. L. R. 569), we think the question of the propriety of the allowance is one of fact to be determined from the evidence, which is not before us. Greinstein v. Greinstein, 44 Nev. 174, 191 P. 1082.

The counterclaim failing to state facts sufficient to constitute a cause of action for separate maintenance, it is ordered that the judgment be reversed.