LAURABELLE GREEN, Appellant, *v.*
HERMAN L. GREEN, Respondent.

No. 4158

June 5, 1959                          340 P.2d 586

*Ralph M. Tucker,* of Reno, for Appellant.

*Emile J. Gezelin,* of Reno, for Respondent.

**OPINION**

By the Court, MCNAMEE, J.:

Respondent husband was decreed a divorce from appellant. Appeal is from such judgment.

1. In this case prior to trial the defendant wife, appellant herein, moved the court for an order allowing her preliminary attorney fees and traveling expenses, together with subsistence allowances from Indiana to.

Reno, Nevada, and return, for the purpose of attending the trial of the action. Under our statutes [NRS 125.040] such allowances are proper upon a showing that the wife is in necessitous circumstances. The trial court denied the motion with respect to allowances for traveling expenses but allowed the wife preliminary attorney fees. The only showing made by the wife in this connection is that allegation in her affidavit in support of her motion worded as follows:

"That she does not have sufficient funds to pay her attorneys' fees herein * * * nor sufficient funds to permit her to travel to Reno, Nevada, and return again to attend a trial, nor to pay for her food and lodging while in Reno, Nevada, attending a trial."

This clearly is a mere conclusion of law because of the use of the word "sufficient," and is legally insufficient. It is for the court and not the movant to determine and conclude from facts properly presented whether the funds or property in the hands of the wife are sufficient for the requested purposes. Here no facts at all were presented for such determination.

In Carroll v. Carroll, 51 Nev. 62, 268 P. 771, 772, we stated:

"We think the contention that the counterclaim does not state a cause of action is well founded. This contention is based upon the proposition that there is no allegation of fact showing defendant's necessity for separate maintenance. The allegation upon which defendant relies to support her claim of separate maintenance reads:

" 'That this defendant has not sufficient income to enable her to support herself, and to live in the manner to which she was accustomed prior to the aforesaid desertion of this defendant may continue to live in accordance with her station in life, and the manner to which she was accustomed, prior to the said desertion of her by plaintiff, it is necessary that plaintiff contribute to her support and maintenance of the sum of $500 per month.'

"It is said by plaintiff that this matter does not state facts, but conclusions, hence it is insufficient. We agree with this contention."

Under the circumstances the trial court's ruling denying allowances for traveling expenses was correct.

That the trial court made an award of preliminary attorney fees based on such defective averments, although it was erroneous, certainly was not prejudicial to appellant.

In this connection it is to be noted that respondent's counter-affidavit in opposition to said motion alleged that his sole income was his salary of $261.30 per month as Master Sergeant in the United States Air Force, from which $80 per month was taken for allowances paid to his wife and two minor children; that in addition to said $80, the wife was supplied the sum of $96.90 in allowances by the United States Government; that she was employed and earned in excess of $80 per month; that the parties had theretofore entered into a property settlement agreement under which the wife received all of the property of the parties (except respondent's personal clothing and one typewriter) of a value in excess of $6,400, leaving respondent with nothing (except as aforesaid) but with obligations in the sum of $930 which he was still in the process of discharging. Appellant did not have an opportunity to contradict these allegations on the hearing of the motion; but at the time of trial, some six weeks later, she did have such opportunity and she offered no evidence whatsoever relative to the financial condition of either party. On the other hand the respondent reiterated on the stand substantially the same facts as contained in said counter-affidavit and was subject to cross-examination.

2. The next assignment of error is that there was insufficient evidence to grant the husband a divorce upon the ground of extreme cruelty.

The court found that appellant refused respondent the right to visit and to talk to their minor daughter at a time when respondent was scheduled to depart forthwith from the United States to a military post for foreign duty; that appellant sold a complete set of respondent's valuable mechanic tools without respondent's consent or

authorization, and that she refused to discuss the matter with him or disclose the whereabouts of the tools; that appellant refused to answer correspondence and letters of respondent written from Germany in which he inquired about the minor children, their health, and their welfare; that in August 1957 appellant wrote a four- or five-page letter to the respondent's commanding officer in Germany accusing respondent of having abandoned his wife and children, of having illegitimate children, of consorting and having consorted with prostitutes in every foreign country in which he had been stationed, of being possessed of very few and low morals, of squandering all of his money to the detriment of his family, and of having contracted a venereal disease; that appellant's accusations were untrue and unfounded; that previous to the time the said accusations were made, respondent held the position of line chief of maintenance organization, a position of high responsibility; that the said letter resulted in an investigation of respondent by his superiors which humiliated and embarrassed him, and damaged his reputation; that a week after receipt of said letter respondent was relieved of his said position of responsibility and transferred to a minor group of said maintenance organization; that said acts of appellant seriously impaired respondent's health and mental condition and psychiatric care was suggested; that said mental stress and tension had continued up to the time of the trial, seriously affecting respondent's health, happiness, and peace of mind; that respondent's superior officers cautioned him to straighten out his affairs in order to be able to perform his duties satisfactorily; that respondent's offers to become reconciled were refused by appellant; that respondent gave appellant no reason for her actions; that a continuance of present conditions would result in permanent impairment of respondent's health and mental condition.

The evidence in the record is uncontradicted and fully supports these findings, and these findings are legally sufficient to constitute extreme cruelty justifying a decree of divorce on that ground.

Appellant's counsel contends that the trial court erred in not permitting him to cross-examine respondent with respect to the truth or falsity of the accusations contained in the said letter written by appellant to respondent's commanding officer. In so ruling the trial court said: "* * * it would seem to me if a woman writes a letter and it had in the letter such as the witness testifies to, that whether or not that is true or not could constitute some act of cruelty. I don't think we are on the question of truth or falsity here at this time."

We believe that the court's ruling was correct. It is obvious that appellant's accusations were maliciously and wantonly inspired and were made with the intent and solely for the purpose of wounding respondent's feelings and harming him with his superiors. That they had the desired effect appears from the evidence and findings. Furthermore, they were made more than a year after the parties had separated and had by written agreement settled their property rights and the matter of the custody and support of their two children. Under such circumstances the act of making such accusations to a third person was unwarranted whether they were true or false in whole or in part, and when considered with appellant's other conduct of which respondent complained, justified the trial court in granting respondent a divorce for extreme cruelty predicated thereon. Cf. Sample v. Sample, 82 Neb. 37, 116 N.W. 953; Oertle v. Oertle, 146 Neb. 746, 21 N.W.2d 447; Meredith v. Meredith, 148 Neb. 845, 29 N.W.2d 643.

3. Appellant finally contends that the court erred in allowing only $50 per month per child for their support which amount is substantially less than the provision in this regard set forth in the separation agreement of the parties. It is well settled that a court is not bound by the terms of any separation agreement between husband and wife relating to custody and support of minor children. Furthermore, in this case it appears that the wife was better off financially than her husband. No

abuse of discretion in the award of child support appears from the record.

Affirmed.

MERRILL, C. J., and BADT, J., concur.