RAY D. JACOBS, Appellant, *v.* GWYNELLE
JACOBS, Respondent.

No. 5134

January 31, 1967                    422 P.2d 1005

*Frank R. Petersen,* of Reno, for Appellant.

*Oliver C. Custer,* of Reno, for Respondent.

# OPINION

By the Court, Zenoff, J.:

Ray and Gwynelle Jacobs were married in Reno on January 23, 1956. No children were born of this union, although they reared two children of Ray's prior marriage. Gwynelle worked part time, while Ray was sporadically employed in various businesses and jobs. Gwynelle, from the early days of the marriage, became the principal supporter of the family,

and her financial burdens included the paying off of Ray's extensive obligations incurred prior to and during the marriage. Ultimately, Gwynelle was forced to obtain full time employment in order to meet these financial obligations. The stress of the financial concerns coupled with the continuous marital discord affected her health to the extent that she had an operation and underwent treatment for a nervous condition.

At the time of the divorce, March 28, 1966, the parties acknowledged in their pleadings that the deed to their home was held in joint tenancy, and consequently the main issue on this appeal centers solely upon the trial court's disposition of that home.

Although the trial court did not order periodic alimony payments, it did order Ray to execute to Gwynelle a deed of conveyance of all of his right, title and interest in and to their home stating that it "should be set aside (to the wife) for her *future support, maintenance and security.*" (Emphasis supplied.) This case, therefore, is distinguishable from Thorne v. Thorne, 74 Nev. 211, 326 P.2d 729 (1958), wherein support was neither raised or adjudicated, and Zahringer v. Zahringer, 76 Nev. 21, 348 P.2d 161 (1960), wherein support was not ordered.

In our view, NRS 125.150, subsection 3, provides the statutory authority to the trial court to set aside the separate property of the husband for the wife (provided an actual need for support is shown and the setting aside is not used as a vehicle to do equity between the parties, as is the rule applying to community property.) 133 A.L.R. 860, 862. From "time immemorial," this court has affirmed the trial courts in their efforts to provide and protect the needs of the wife or children who are victims of divorce. Even as the statutes were changed the protective provisions (with respect to separate property of the husband) remained, i.e., "* * * the court may set apart such portions for her support and the support of the children as shall be just and equitable * * *." Wuest v. Wuest, 17 Nev. 217, 223, 30 P. 886 (1882); Powell v. Campbell, 20 Nev. 232, 239, 20 P. 156 (1888); Greinstein v. Greinstein, 44 Nev. 174, 178, 191 P. 1082 (1920); Lewis v. Lewis, 71 Nev. 301, 289 P.2d 414 (1955). In light of such authority, we construe Subsection 3 of NRS 125.150 as providing the statutory authority to the trial court to apply the husband's separate property to the wife's required needs when sought and actual need is shown by the evidence.

Gwynelle's need for the house is genuine in that she is

advancing in years and declining in health. This court will not disturb the findings of the trial court regarding the disposition of the homestead.[1] Walker v. Walker, 41 Nev. 4, 11, 164 P. 653 (1917).

We are satisfied that there was no abuse of discretion.

Affirmed.

THOMPSON, C. J., and COLLINS, J., concur.

---

[1]NRS 125.150(4) provides: "In the event of the death of either party or the subsequent remarriage of the wife, all alimony awarded by the decree shall cease, unless it shall have been otherwise ordered by the court." The effect of the trial court's decree in this case was to make the award of the husband's interest in the homestead permanent regardless of death or remarriage. Apparently, from the record, this was the result the trial judge had in mind.