PATRICIA E. CHESLER, APPELLANT, *v.* HARVEY LYNN CHESLER, RESPONDENT.

No. 6447

July 12, 1971                    486 P.2d 1198

*Robert N. Peccole,* of Las Vegas, for Appellant.

*Richard D. Weisbart,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant assigns error in all provisions of an Order Modifying Decree of Divorce, by which the lower court: (1) reduced respondent's support obligations for each of the parties' minor children, from $25.00 per week to $17.50 per month; (2) ordered respondent to pay $25.00 monthly toward discharge of arrearages in child support; and (3) determined that the "reasonable rights of visitation" originally granted respondent should include four weekends each year at Las Vegas, as well as two weeks during the summer and "alternating Christmas and Easter holidays" in Minnesota, respondent to pay all costs of exercising these privileges.

The only change in respondent's circumstances, so far as the record reveals, is that he left California where his monthly salary was $1,200 plus an auto allowance and a "full expense account," to live near his parents in Minnesota where his salary is $1,200 with no expense account benefits. The only changes in appellant's circumstances are that she is now married to a casino dealer, and that, since her remarriage, her father no longer permits her to receive income from a trust he established for the benefit of the parties' children. In these circumstances, the lower court abused its discretion in reducing respondent's child support obligations. Cf. Wicker v. Wicker, 85 Nev. 141, 451 P.2d 715 (1969).

While the court's order fixing respondent's visitation rights was supported by the evidence, we do not believe he should be allowed to transport the children away from Las Vegas until he is current in all child support payments required by the Decree of Divorce as originally entered; for, to permit this, would in effect allow him to expend money for his own purposes that he should properly channel to the support of his children.

When the lower court ordered payments on arrearages, we do not understand that it limited appellant's rights in any way; thus, we do not perceive how appellant was aggrieved by that portion of the court's order.

Accordingly, insofar as the order appealed from reduced respondent's support obligations, it is reversed. In all other respects, the order is affirmed; provided, that no effect shall be given to provisions allowing respondent to transport the children away from Las Vegas, at any time respondent is not current in the discharge of support obligations heretofore or hereafter accruing.

In accord with NRS 18.060, appellant is allowed her costs on appeal, upon proper filing of a cost bill.