THOMAS L. LEEMING, JR., APPELLANT, v. LOLA G. LEEMING, RESPONDENT.

No. 6491

November 15, 1971          490 P.2d 342

*Robert R. Herz,* of Reno, for Appellant.

*Hawkins, Rhodes & Hawkins* and *F. DeArmond Sharp,* of Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

On this appeal, we affirm the district court's refusal to apply NRCP 68 to post-judgment proceedings in a divorce matter.[1]

Several years after their divorce, respondent moved the

---

[1]At the time of the proceedings, NRCP 68 provided:

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be

court to order appellant to increase payments for the support of the parties' minor children. Predicated not upon rights inhering in respondent, but upon the children's claimed needs, respondent's motion invoked power reserved to the court under NRS 125.140(2), which provides: "In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

On grounds of need, respondent also asked an award of money to pay her counsel for their assistance. NRS 125.040 empowers our courts to grant "allowances and suit money" in divorce actions, including sums to enable a wife to employ counsel; and if the wife files an appropriate post-judgment motion relating to support or custody of minor children, that power remains as part of the continuing jurisdiction of the court. Ex rel. Groves v. District Court, 61 Nev. 269, 125 P.2d 723 (1942); Fleming v. Fleming, 58 Nev. 179, 72 P.2d 1110 (1937).

After a hearing at which both parties testified, and presumably adduced their proofs concerning their situations and their children's needs, the court increased child support $6,000 annually, awarding respondent $2,500 to pay her counsel. As appellant has not brought up the hearing transcript, we must assume the evidence supported the court's implicit determinations, i.e.: that monies ordered for child support were "necessary or proper" for care of the children, and that the $2,500 awarded as suit money was needed so respondent might pay her counsel without diminishing the care the court contemplated for the children. Cf. City of Henderson v. Bentonite, Inc., 87 Nev. 188, 483 P.2d 1299 (1971); cf. United States v. McLean, 78 Nev. 60, 368 P.2d 872 (1962); cf. Anderson v. Havas, 77 Nev. 223, 361 P.2d 536 (1961). Appellant makes no serious contention to the contrary.

---

deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, nor attorneys' fees, but shall pay the costs, attorneys' fees, if any be allowed, of the party making the offer from the time of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer."

In brief, appellant contends that although the court made apparently proper awards to respondent, it should thereafter have deprived her of suit money, and ordered her to pay appellant attorney fees and costs, because prior to the hearing appellant had served an "offer of judgment" more favorable than the court's ultimate award. By a "Motion to Amend Decision," with appellant's "offer of judgment" attached, the court was advised for the first time that appellant had tendered judgment for $7,501 additional annual support as *alimony,* with nothing for counsel fees. The court denied appellant's motion; this appeal follows.

1. We cannot determine whether $6,000 additional child support was more or less favorable to respondent than appellant's offer of $7,501 as alimony. Income paid as alimony being taxable to the wife, while child support is not, the subtleties of respondent's tax situation may be significant, but of these we have no record. Hence, if NRCP 68 were applicable to divorce actions, we could not find the court erred in denying appellant's motion, believing its award more favorable than appellant's offer of judgment. Cf. City of Henderson v. Bentonite, Inc., and other authorities cited above.

2. Furthermore, we deem NRCP 68 inapplicable to divorce proceedings, which involve entirely different social considerations than other civil actions.

Suit money awards are made upon showing of need, to prevent a failure of justice. Cranmer v. Cranmer, 79 Nev. 128, 379 P.2d 474 (1963); Green v. Green, 75 Nev. 317, 340 P.2d 586 (1959); Fleming v. Fleming, supra. Before 1961, suit money was awarded only prospectively, for services to be rendered. Cranmer v. Cranmer and Fleming v. Fleming, supra; Metcalf v. Second Judicial District Court, 51 Nev. 253, 274 P. 5 (1929); Black v. Black, 47 Nev. 346, 221 P. 239 (1924); Wilde v. Wilde, 2 Nev. 306 (1866). As to legal services obtained before a motion seeking money to pay for them, it was felt relief was precluded, because the facts showed money was not necessary to obtain them. Black v. Black and Wilde v. Wilde, supra. Accordingly, if an attorney assisted a wife in necessitous circumstances, without making a preliminary motion for fees, he did so looking only to the credit of the wife, knowing she must pay him from funds the court awarded as support or as her part of the community estate. As a result, our courts were burdened by motions for suit money, at the outset of proceedings, and even during the

course thereof. Levinson v. Levinson, 74 Nev. 160, 325 P.2d 771 (1958); Lake v. Lake, 16 Nev. 363 (1882).

In 1961, our legislature amended NRS 125.150, to make our procedures less cumbersome, to facilitate wives in obtaining legal aid, and to enable attorneys to defer fee claims until the end of divorce proceedings when our courts can most fairly evaluate the worth of services and the impact of fees on the situation of the parties. Now, "[w]hether or not application for suit money has been made under the provisions of NRS 125.-040, the court may award a reasonable attorney's fee to either party to an action for divorce if attorneys' fees are in issue under the pleadings." Stat. of Nev. 1961, ch. 244, p. 401; NRS 125.150(2).

Thus, unlike awards of attorneys' fees allowed in certain other civil actions to the party who prevails, to make him whole when legal assistance has been necessary to vindicate his rights (NRS 18.010), suit money is allowed a wife so that the court may hear her needs and those of the parties' children. In other matters, attorney fees are awarded at the end of the litigation, for the right thereto is by NRS 18.010 conditioned upon "prevailing," and by NRCP 68 is conditioned upon prevailing to an extent greater than any offer made under that rule. In divorce matters, the wife's right not depending on whether she "prevails," she may apply for suit money at any time, but since 1961 may defer adjudication of her claim, for the convenience of the parties, their counsel, and the court. Respondent's counsel followed the latter procedure, properly placing a claim for fees in issue by respondent's post-judgment motion for increased child support. Cf. Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970).

To hold NRCP 68 applicable to divorce matters would be incompatible with the pattern and policy of our law, for several reasons.

First, attorneys could not extend credit to wives in necessitous circumstances, as our legislature intended, without looking to them for payment from monies necessary and intended by the court for other purposes. Counsel would be constrained, in virtually every case, to revert to the practice of making preliminary motions for suit money, destroying the salutory effect of our legislature's 1961 amendment to NRS 125.150.

Second, if counsel deferred adjudication of a suit money application until the end of the litigation, the judge could not know his awards of child support and suit money would meet the interests of the parties' children, for his award of suit money would be nugatory if his award of support was not

"more favorable" than the husband had offered during pendency of the proceedings. To obviate this, and meet the full needs of the mother, so that she might support the children, the judge would have to denominate as "child support" the money needed to discharge the wife's obligation to her attorney. Appellant acknowledges this expedient was fully available to the court in the instant matter.

Third, as this case illustrates, in divorce matters support claims frequently are not independent of other considerations, e.g. whether monies are termed "alimony" or "child support." Only a moment's thought is required to realize that in divorce actions, where the parties have interrelated as well as unrelated motives and problems, where far more may be at stake than the mere dollar amount of a support award, an "offer of judgment" seldom can be comprehensive, and an offer's "favorable" character will often depend on the parties' personal goals.[2]

Fourth, the salutory purpose of NRCP 68, which is intended to discourage needless litigation, would itself be defeated if that rule were to be applied to divorce proceedings. In every divorce matter, after making a fair award, the court might face further litigation over the question, perhaps incredibly intricate, of whether the award was "more favorable" than an offer of judgment tendered by the husband.

Finally, while NRCP 68 impels the offeree to reach agreement concerning the parties' rights, or hazard the sanctions imposed by that rule, in divorce litigation a wife cannot enter into a stipulation or agreement that binds the court concerning child custody and support, for "it is not the rights of the parties which are to be determined, but the best interests of the child." Atkins v. Atkins, 50 Nev. 333, 337, 259 P. 288, 289 (1927). Accord: Green v. Green, supra; Silva v. District Court, 57 Nev. 468, 66 P.2d 422 (1937); Lewis v. Lewis, 53 Nev. 398, 2 P.2d 131 (1931). Since appellant's "offer of judgment" would not have bound the court had it been accepted, we do

---

[2]For example, are visitation rights consisting of one month in the summer, with two weekends per month during the rest of the year, "more favorable" than six weeks in the summer, with one weekend per month the balance of the time? Is $125 per month during the children's nine-month school year, the husband caring for the children during the summer, "more favorable" than $100 per month with the wife having full custody, and responsibility to care for the children all year long? We see no way to equate such matters, or to eliminate legitimate controversy concerning them by "offers of judgment."

not perceive how that offer could limit the court's jurisdiction when it was rejected. Further, since only the court could determine what was "necessary or proper" for the welfare of the children, if respondent had accepted appellant's "offer of judgment," the clerk could not thereupon have entered judgment, as NRCP 68 provides.

In view of the foregoing, the order appealed from is affirmed. Respondent having requested suit money for services rendered by her counsel on appeal, appellant is hereby ordered to pay respondent the further sum of $1,000 to discharge her obligation for such services.

ZENOFF, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.