# FRANCIS HARDIE MEAKIN, Appellant, v. MARTHA JANIS MEAKIN, Respondent.

No. 6609

January 26, 1972                         492 P.2d 1304

*George, Steffen & Simmons,* of Las Vegas, for Appellant.

*David Canter,* of Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

On May 8, 1970, appellant obtained a Nevada divorce which provided, among other things, for child support payments of $750 per month. In January, 1971, our district court, without stating its reasons, denied a motion by appellant for reduction of child support. This appeal follows.

1. Appellant argues our district court's refusal to reduce the child support amounts to an abuse of discretion, contending (a) the deterioration of his health prevents his practice of dentistry, (b) he has had to file bankruptcy, and (c) he is now constrained to work as a hospital orderly earning only $400 per month and thus is unable to meet the $750 monthly child support payments. Except in his brief, the only place in the record where appellant's contentions are found is in his affidavit of December 10, 1970. In Green v. Green, 75 Nev. 317, 340 P.2d 586 (1959), we held that a wife's affidavit which alleged that she had "insufficient funds" was legally insufficient, being a mere conclusion. Appellant's affidavit before us is within our holding in *Green*.

2. "As appellant has not brought up the hearing transcript [nor a substitute therefor] we must assume the evidence supported the trial court's implicit determinations." Leeming v. Leeming, 87 Nev. 530, 490 P.2d 342 (1971); City of Henderson v. Bentonite, Inc., 87 Nev. 188, 483 P.2d 1299 (1971).

Since the record does not establish that the trial court abused its discretion, the judgment is affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.