DOLLYE FAYE REED, Appellant, *v.* ROBERT D. REED, Respondent.

No. 6668

June 7, 1972                    497 P.2d 896

*Emilie N. Wanderer,* of Las Vegas, for Appellant.

*Bell & LeBaron* and *James E. Barfield,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant and respondent were divorced in Nevada in 1962. At that time they executed a property settlement and custody agreement which provided that appellant was to receive custody of the four minor children, and that respondent was to have visitation rights and was to pay $75 per week for support of the children.

Respondent failed to make the required support payments, and on February 16, 1971, appellant filed a motion pursuant to NRS 125.180 in the district court to recover alleged arrearages in the amount of $13,285.75, plus costs and attorney's fees. Following a hearing, the trial judge ordered judgment for appellant in the sum of $11,303.75, to be enforced at a rate not exceeding $50 per month. Appellant was denied any attorney's fees or costs. Without filing a transcript of the hearing or a narrative statement of the testimony with this court, appellant now asks us to reverse the district court's order and remand the matter with instructions to enter judgment for the

full amount originally requested plus interest, payable immediately, and for attorney's fees and costs.

The district court is vested with discretionary power to make an order directing entry of judgment for arrearages resulting from a husband's default in the payment of child support. NRS 125.180; Folks v. Folks, 77 Nev. 45, 359 P.2d 92 (1961). Since no transcript of the hearing has been filed with this court, we must assume that the evidence supports the trial judge's conclusion that only $11,303.75 had accrued, and that only this amount, without interest, was properly owing to appellant. Meakin v. Meakin, 88 Nev. 25, 492 P.2d 1304 (1972); Leeming v. Leeming, 87 Nev. 530, 490 P.2d 342 (1971).

Appellant asserts that she should have been allowed to execute immediately upon the total amount of the judgment entered by the district court, and that it was error for the court to order that such judgment be enforced at a rate not exceeding $50 per month. Since the district court has discretion to enter judgment for all or none of the claimed arrearages (NRS 125.180; Folks v. Folks, supra), it follows that the liquidation of any judgment for arrearages may be scheduled in any manner the district court deems proper under the circumstances. In Chesler v. Chesler, 87 Nev. 335, 486 P.2d 1198 (1971), we approved of a district court order requiring the defaulting party to pay $25 per month toward discharge of arrearages in child support.

Finally, appellant contends that she was entitled to attorney's fees and costs. The granting of these items is discretionary with the trial court (NRS 125.180) and absent a transcript of the proceedings below we must assume the evidence justified its determination that payment of such fees and costs by respondent was not warranted under the circumstances. Meakin v. Meakin, supra; Leeming v. Leeming, supra.

Affirmed.

ZENOFF, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.