CLAY A. PETERSEN, Appellant, v. MAR–
CELLE L. PETERSEN, Respondent.

No. 6954

November 30, 1973                    516 P.2d 108

*George Rudiak,* of Las Vegas, for Appellant.

*George Spizzirri,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

The parties were divorced on February 14, 1963 and respondent was granted custody of the three minor children of the marriage and awarded the family dwelling house located at 4100 El Cedral, Las Vegas, Nevada. Appellant was ordered to pay to respondent $300 per month as child support; $100 a month as alimony, and to pay the encumbrances of record against the house. He was permitted to reduce the encumbrances of record against the house at the rate of $167 per month.

The decree further provided that if respondent remarried, the encumbrances against the house could be paid off at the rate of $80 per month. If, however, she sold or disposed of the house, appellant's obligation to extinguish the encumbrances would terminate.[1]

---

[1] The exact language used in the decree of divorce reads as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff be, and she is hereby awarded the community property located at 4100 El Cedral, Las Vegas, Nevada, together with the furnishings therein, as her sole and separate property, and the Defendant is hereby ordered to execute such instrument of conveyance as will transfer his interest unto the Plaintiff, and provided further that the Defendant shall pay the encumbrances of record, payable in the manner and means as reflected by said documents of record, that is, the sum of $167.00 per month until such encumbrances of record against said property are fully satisfied and paid; provided, however, that in the event that the Plaintiff shall remarry, then upon the occurrence of said event the Defendant shall pay only the sum of $80.00 per month as and against said encumbrances of record, and provided further that in the event the Plaintiff sells or disposes of said property, the Defendant's obligation to make any payments thereon shall be terminated."

On April 23, 1965, appellant moved for a reduction of the child support and alimony payments, and for termination of the monthly payment required to reduce the encumbrance. Approximately one year later on April 29, 1966, the Honorable John F. Sexton, District Judge, entered a minute order reducing the alimony and child support payments, as well as the monthly payment against the encumbrances, and requiring appellant to pay to respondent the sum of $1,000 to cure accrued arrearages.[2] He was further ordered to deliver certain interest in various family enterprises to respondent in trust for the minor children. Appellant paid the arrearage and made the reduced child support, alimony and house payments through February 21, 1967.

In August of 1966 respondent stopped making payments on the house, and in December of 1966 foreclosure proceedings were commenced. The trustee's sale took place on April 7, 1967, at which time she was divested of all interest in the real property located at 4100 El Cedral, Las Vegas, Nevada.

On December 6, 1966, respondent moved to cite appellant for contempt for failure to place his interest in various family enterprises in trust for the minor children. On December 14, 1966, appellant moved for a rehearing of the order requiring him to put his separate property in trust and for further reduction of the child support payments and an elimination of alimony and house payments.

A rehearing was eventually granted and heard before the Honorable William P. Compton, District Judge, who found respondent had lost her equity in the house by foreclosure through no fault of her own but by reason of appellant's failure to meet his obligations required by the original decree of divorce. He further found that respondent did not "sell" or "dispose of" said property in the manner contemplated by the original decree of divorce, and concluded that respondent was entitled to judgment in an amount equal to the balance due on the encumbrances as of the date of foreclosure less any interest. Judgment was entered accordingly. This appeal is taken only from that part of the judgment awarding to respondent "a sum equal to the remaining balance due on the encumbrance

---

[2]The formal order resulting from the minute order reads as follows:
"1. Payment of $1,000 arrearages.
"2. Commencing May 15, 1966, the support award was modified to $225/month child support, $75/month alimony and $72/month mortgage payments.
"3. That certain stock of the appellant be turned over to a trust for the children."

against the property at 4100 El Cedral, Las Vegas, Nevada, as of the date of foreclosure, less interest."

We find no error in that part of the judgment. Under the terms of the original divorce decree appellant was obligated to pay the balance owed on the encumbrances of record. The modification of April 29, 1966 did not alter this requirement but authorized appellant to escape contempt by paying a reduced monthly payment. Even remarriage by respondent would not have absolved appellant from paying the entire balance due on the house, but merely permitted him to make a smaller monthly payment. If respondent had sold or disposed of the property, then appellant would have been relieved of his obligation to pay off the encumbrances.

The appellant argues that the real property was "disposed of" when the respondent failed to make the periodic payments and the property was sold at a trustee's sale. Pursuant to the provisions of the original decree of divorce it was appellant's responsibility to "pay the encumbrances of record, payable in the manner and means as reflected by said documents of record." The decree of divorce placed upon him the responsibility of protecting the real property from default. In this he failed. There is no language to be found in the original decree of divorce which required or even authorized appellant to make the house payment to respondent, but instead provided that payment was to be made in the manner and means reflected by the document of record.

NRS 125.180(1)[3] specifically authorizes the district court to make an order directing the entry of judgment for the amount of the arrearage where the husband in a divorce action defaults in paying any sum of money required by a judgment or order. The house was lost because of appellant's default. It was impossible for Judge Compton to require him to clear the encumbrances. Therefore, it was proper for the district court to enter a judgment requiring him to pay to respondent, as an arrearage, the net principal balance due at the time of foreclosure. Cf. Reed v. Reed, 88 Nev. 329, 497 P.2d 896 (1972); Folks v. Folks, 77 Nev. 45, 359 P.2d 92 (1961).

---

[3]NRS 125.180(1): "Where the husband, in an action for divorce, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the district court may make an order directing entry of judgment for the amount of such arrears, together with costs and disbursements not to exceed $10 and a reasonable attorney's fee."

Finally appellant contends insofar as the judgment requires him to pay respondent a sum equal to the balance due on the encumbrances as of the date of the foreclosure "less interest" that it is too ambiguous and unintelligible to be enforced. We find this contention to be completely without merit. The words "less interest" can only be interpreted to inure to appellant's benefit. Upon this issue he is not an aggrieved party who may appeal under NRAP 3A (formerly NRCP 72(a)). Kenney v. Hickey, 60 Nev. 187, 105 P.2d 192 (1940); Cottonwood Cove Corp. v. Bates, 86 Nev. 751, 476 P.2d 171 (1970).

The judgment of the district court is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZEN-OFF, JJ., concur.