PHILLIP H. SHEDD, Appellant, *v.* DONALD ADAMSON, Respondent.

No. 7535

May 30, 1975                    535 P.2d 799

*Stewart & Horton, Ltd.,* and *Raymond B. Little,* Reno, for Appellant.

*T. David Horton,* Battle Mountain, for Respondent.

## OPINION

*Per Curiam:*

Phillip H. Shedd, the plaintiff-appellant, sued Donald Adamson, the defendant-respondent, in California for attorney's fees that Shedd claimed were due him for legal services rendered to Donald and his grandmother, Frances Adamson. Shedd served Donald, a Nevada resident, by mail, as provided in Section 415.40 of the California Code of Civil Procedure,[1] and obtained a default judgment against him in the sum of $3,484.39.

Shedd then sued in Nevada on the California judgment, obtaining personal service over Donald. At the trial, the Nevada court refused to give full faith and credit to the California judgment, on the ground that the California court did not have *in personam* jurisdiction over Donald when it entered its default judgment.

The judge determined in his written decision that there were no sufficient contacts with the State of California to establish such jurisdiction. In the absence of a transcript of the testimony taken during the trial below, which would enable this court to review the evidence presented, we must accept the findings of the court and thereby assume that the evidence supported the trial court's determinations. See Meakin v. Meakin, 88 Nev. 25, 492 P.2d 1304 (1972); City of Henderson v. Bentonite, Inc., 87 Nev. 188, 483 P.2d 1299 (1971).

The judgment is affirmed.

---

[1]Cal. Ann. Code Civ. P. § 415.40 (West 1973):

"A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by any form of airmail requiring a return receipt. Service of summons by this form of mail is deemed complete on the 10th day after such mailing."