YVONNE A. KENNEDY, APPELLANT, v.
JERRY L. KENNEDY, RESPONDENT.

No. 13179

June 25, 1982             646 P.2d 1226

*Patrick A. Gaura,* Las Vegas, for Appellant.

*Speiser & Unger,* Las Vegas, for Respondent.

[5]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.

## OPINION

*Per Curiam:*

Appellant Yvonne Kennedy filed a complaint seeking to establish a California divorce decree as a Nevada judgment and to recover child support arrearages. After several hearings, the district court entered an order granting full faith and credit to the California decree, awarding appellant a judgment for arrearages in the amount of $7,837.00, and modifying the decree prospectively so as to reduce respondent Jerry Kennedy's child support obligation. This appeal followed.

Appellant first contends that the district court erred by failing to include in the judgment for arrearages interest on the unpaid child support from the date of accrual. The question of whether a divorced spouse is entitled to interest on unpaid support payments due under a divorce decree is governed by the law of the state where the decree was rendered. *See* Slade v. Slade, 468 P.2d 627 (N.M. 1970); In re Kern's Estate, 147 P.2d 498 (Or. 1944). In California, a divorced spouse is entitled to interest at the legal rate on support arrearages which have accrued according to the terms of a decree of marital dissolution. Huellmantel v. Huellmantel, 57 P. 582 (Cal. 1899); In re Marriage of Popenhager, 160 Cal.Rptr. 379 (Ct.App. 1979); In re Marriage of Hoffee, 131 Cal.Rptr. 637 (Ct.App. 1976). The district court erred by not including interest on the unpaid support payments, from the date each payment was due, as part of the judgment for arrearages. Accordingly, this portion of the judgment for arrearages is reversed and remanded for calculation and inclusion of interest on the unpaid arrearages.

The next issue is whether the district court erred by permitting the judgment for arrearages to be enforced at the rate of $50.00 per month. In Reed v. Reed, 88 Nev. 329, 497 P.2d 896 (1972), this court held that liquidation of a judgment for arrearages may be scheduled in any manner the district court deems proper under the circumstances. *See also* Chesler v. Chesler, 87 Nev. 335, 486 P.2d 1198 (1971). California law also permits the judge to order that discharge of a judgment for arrearages be made in installment payments. *See* Messenger v. Messenger, 297 P.2d 988 (Cal. 1956). Accordingly, the district

court did not err by permitting installment payments. Nevertheless, the monthly payment set by the district court for enforcement of the judgment did not include consideration of past and future interest on the arrearages. As mentioned above, the judgment should include interest. Therefore, we vacate the amount set by the district court ($50 per month), and remand for determination of a payment schedule which will allow for liquidation of arrearages on a reasonable basis.

Appellant also contends that the district court erred by modifying the decree prospectively without the filing of a formal motion to modify. Appellant has cited no relevant authority for the proposition that the district court cannot, on its own motion and with adequate notice to the parties, raise the issue of modification.[1] This contention is therefore rejected.

Other contentions raised by appellant are without merit. Affirmed in part; reversed and remanded in part.

---

[1]Appellant does not contend that she received insufficent notice of the district court's intention to consider modification, prior to the hearing on that issue. Furthermore, we note that the district court took evidence of respondent's financial situation, and reduced the support obligation prospectively upon a showing of change in circumstances.