**Electronically Filed
Supreme Court
SCWC-12-0000762
16-AUG-2016
08:01 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

BRUCE EDWARD COX,
Petitioner/Plaintiff-Appellant,

vs.

CARLYN DAVIDSON COX,
Respondent/Defendant-Appellee

SCWC-12-0000762

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000762; FC-DIVORCE NO. 06-1-0096)

AUGUST 16, 2016

McKENNA, POLLACK, AND WILSON, JJ.,
AND RECKTENWALD, C.J., DISSENTING,
WITH WHOM NAKAYAMA, J., JOINS

OPINION OF THE COURT BY POLLACK, J.

The 2006 and 2015 versions of Hawai'i Family Court Rules (HFCR) Rule 68 mandate an award of costs, including reasonable attorney's fees, to a party who offers to settle certain classes of family court cases in the amount or upon the terms specified in the offer, if the offer is refused by the

offeree and "the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, unless the court shall specifically determine that such would be inequitable."

The issue that we resolve in this case is whether Bruce Edward Cox (Husband) is entitled to appellate attorney's fees pursuant to HFCR Rule 68. We hold that both the 2006 and 2015 versions of HFCR Rule 68[1] do not apply to family court cases governed by Hawai'i Revised Statutes (HRS) § 580-47 (Supp. 2011) for the following reasons: (1) the rule contravenes HRS § 580-47; (2) it is analytically problematic with respect to cases subject to HRS § 580-47; (3) its application may be unsuited to principles of equity and justice inherent in matters commonly resolved in family court proceedings governed by HRS § 580-47; and (4) it may improperly coerce settlements. Hence, HRS § 580-47 exclusively governs the determination of whether to award attorney's fees in all cases to which HRS § 580-47 applies. Husband is therefore not entitled to appellate attorney's fees under HFCR Rule 68.

---

[1] The 2006 and 2015 versions of HFCR Rule 68 are hereinafter collectively referred to as "HFCR Rule 68." When a specific version of HFCR Rule 68 is referred to, the year in which the version became effective is expressly stated.

## I. BACKGROUND

This case stems from the divorce action by Bruce Edward Cox (Husband) against Carlyn Davidson Cox (Wife). While the divorce action was pending in the Family Court of the First Circuit (family court), Husband, through counsel, tendered a settlement offer to Wife, agreeing to pay Wife a property equalization in the amount of $9,000.[2] Wife did not agree to the offer, the case was tried, and the family court ultimately issued a divorce decree that divided the parties' property, retirement funds, insurance policies, securities, bank accounts, debts, and unpaid taxes. The divorce decree provided a final property equalization payment against Wife in the amount of $22,223.46. Thereafter, following an unsuccessful appeal by wife,[3] Husband moved in the family court for an award of post-

---

[2] In full, the settlement offer was as follows:

> The property division shall be as outlined in this letter and prior position statements (i.e., everybody keeps the assets and debts they have now, Mr. Cox to refinance the Hawai'i property to remove Mrs. Cox from the mortgage, and he will own the boat and motor still in storage in Tennessee) and he will make a property equalization payment of $9,000. He will also agree to Mrs. Cox's participating in the SBP program with her paying the premiums, if she so elects to participate.

[3] Wife appealed from the divorce decree, and in Cox v. Cox, 125 Hawai'i 19, 250 P.3d 775 (2011), this court upheld the Intermediate Court of Appeals' affirmance of the divorce decree but held that the family court had no jurisdiction to rule on an HFCR Rule 68 (2006) motion that had been filed after Wife's notice of appeal was filed from the divorce decree. The disposition of the appeal allowed Husband to refile his HFCR Rule 68 (2006) motion in the family court.

offer attorney's fees and costs, totaling $38,163.39, pursuant to HFCR Rule 68 (2006).  Husband predicated his request on the fact that the family court's decree that Wife pay Husband an equalization payment of $22,223.46 was patently not more favorable than Husband's offer to pay Wife an equalization payment of $9,000.  Husband did not address whether his request for post-offer fees and costs comported with equity and fairness.

The family court granted the motion as to Husband's post-offer trial fees and costs totaling $18,051.12 and denied the motion as to Husband's appellate fees and costs (August 6, 2012 family court order).[4]  The family court concluded that because Husband's offer included an equalization payment to Wife but the divorce decree instead ordered Wife to pay Husband an equalization payment, "Husband clearly prevailed at trial" and "is entitled to an award of fees."  The family court declined to award Husband his appellate costs because "[n]o Rule 68 offer was presented to Family Court regarding the appeal."  The family

---

[4]     Specifically, the family court decided as follows:

> 1) Husband shall be awarded the sum of $18,051.12 for an award of attorney's fees and costs for trial, pursuant to HFCR Rule 68.  Husband shall be awarded a judgment against Wife in the amount of $18,051.12 for the trial fees and costs he incurred at trial.

> 2) Husband's request for appellate costs shall be denied.

court also opined that "even if Husband contends the appellate costs are automatically included in the Rule 69 [sic] offer," the court would decline to award such costs and advised Husband "to consider applying to the appellate court for the award of his appellate fees and costs." Nothing in the August 6, 2012 family court order indicated that the award of post-offer trial fees and costs was consistent with equity or was made after due consideration of equitable factors and the totality of the circumstances pursuant to HRS § 580-47.

Husband then appealed from the August 6, 2012 family court order, contending that the family court erred in denying his motion as to the appellate fees and costs related to Wife's appeal. The Intermediate Court of Appeals (ICA) vacated the August 6, 2012 family court order, concluding that appellate fees are recoverable under HFCR Rule 68 (2006) and remanding the case to the family court for a determination of whether an award of appellate fees to Husband would be inequitable pursuant to the provisions of HRS § 580-47.[5] Husband challenges on

---

[5] Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 39(d) (2007), Husband filed a motion for appellate fees and costs incurred for his appeal to the ICA. In an order entered March 12, 2015, the ICA denied Husband's motion as follows: as to costs, the ICA concluded that Husband's counsel failed to provide supporting documentation, and as to fees, the ICA reasoned that the denial was "without prejudice to an award by the Family Court." After Husband filed the requisite documentation for claimed costs, the ICA, in an order entered April 9, 2015, awarded appellate costs to Husband; hence, the determination of those costs was not remanded for the family court's consideration.

certiorari the ICA's remand to the family court.  He contends that he is entitled to appellate fees as a matter of law, that the equitable factors were already considered by the family court in awarding post-offer attorney's fees for the trial proceedings, and that the family court's denial of his request for appellate costs and fees deprived him of his constitutional rights to due process and equal protection.

## II. DISCUSSION

The question presented on certiorari is whether Husband is entitled to appellate fees as a matter of law pursuant to HFCR Rule 68 (2006) because appellate fees, pursuant to the terms of 2006 version of HFCR Rule 68, are "incurred after the making of the offer."[6]  The ICA, relying upon <u>Nelson v.</u>

---

[6]     The version of HFCR Rule 68 (2006) that applies in this case provides as follows:

> At any time more than 20 days before any contested hearing held pursuant to HRS sections 571-11 to 14 (excluding law violations, criminal matters, and child protection matters) is scheduled to begin, any party may serve upon the adverse party an offer to allow a judgment to be entered to the effect specified in the offer.  Such offer may be made as to all or some of the issues, such as custody and visitation. . . .  An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible, except in a proceeding to determine costs and attorney's fees.  <u>If the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable</u> in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended.

(continued . . .)

6

University of Hawai'i, 99 Hawai'i 262, 265, 54 P.3d 433, 436 (2002), and Nakasone v. Nakasone, 102 Hawai'i 177, 178, 73 P.3d 715, 716 (2003), held that "appellate fees and costs . . . are necessarily incurred after the making of the Rule 68 offer and thus are included within the time frame set forth in the rule." Cox v. Cox, 134 Hawai'i 475, 344 P.3d 359 (App. 2015), cert. granted, No. SCWC-12-0000762, 2015 WL 3539785 (Haw. June 3, 2015) (emphasis omitted).[7]  We therefore consider the application

(. . . continued)
HFCR Rule 68 (emphasis added).  The current iteration of Rule 68 (2015), effective January 1, 2015, omits the reference to "provisions of HRS section 580-47 or other applicable statutes, as amended."

[7]    Because of our disposition of this case, it is unnecessary to reach the issue of whether HFCR Rule 68 authorizes the award of reasonable appellate fees and costs.  However, in response to the dissent's resolution of this issue, we note that the plain language of HFCR Rule 68 expressly obligates a party-offeree that rejected a settlement offer to "pay the costs, including reasonable attorney's fees incurred after the making of the offer." Hence, the only costs and attorney's fees excluded by HFCR Rule 68, based on its plain language, are those incurred prior to the making of the offer.

According to the dissent, however, reading in pari materia HFCR Rule 54 and Rule 68 yields the conclusion that HFCR Rule 68 applies only to trial fees and costs incurred by a party-offeror after the making of the offer.  But the plain language of HFCR Rule 68 does not state that the costs are limited to those incurred before the family court renders a judgment within the meaning of that term under HFCR Rule 54(a).  See Cox v. Cox, 134 Hawai'i 475, 344 P.3d 359 (App. 2015), cert. granted, No. SCWC-12-0000762, 2015 WL 3539785 (Haw. June 3, 2015); Carlisle v. One (1) Boat, 119 Hawai'i 245, 256, 195 P.3d 1177, 1188 (2008) ("[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." (quoting In re Contested Case Hearing on Water Use Permit Application, 116 Hawai'i 481, 489–90, 174 P.3d 320, 328–29 (2007))).

The dissent uses the definition of "judgment" under HFCR Rule 54(a) to confine the expansive plain language of HFCR Rule 68 to costs and fees incurred before a judgment is rendered.  However, the definition of a "judgment" under HFCR Rule 54(a) states only that it "includes a decree and any order from which an appeal lies."  Reading the definition of a "judgment" under HFCR Rule 54(a) in pari materia with Rule 68 results only in the construction that the term "judgment" under Rule 68 "includes a decree and
(continued . . .)

7

of HFCR Rule 68 in family court proceedings in light of the existence of statutory law dealing with the same subject matter and the effect of this rule on the method by which issues subject to this rule are determined.

**A. HFCR Rule 68 Does Not Apply to Cases Governed by HRS § 580-47**

**1. HFCR Rule 68 Contravenes HRS § 580-47**

Nothing in HRS § 580-47 mandates the family court to award attorney's fees to a party in a divorce action.[8]  Indeed,

---

(. . . continued)
any order from which an appeal lies."  Hence, such decrees and orders "in their entirety" qualify as a "judgment" that must be evaluated by the family court as to whether they are "patently not more favorable than the offer." HFCR Rule 68.  HFCR Rule 54 does not delimit fees and costs awardable under Rule 68 to those incurred prior to the family court's judgment.

[8]     HRS § 580-47 provides, in pertinent part,

(a) Upon granting a divorce, . . . if . . . jurisdiction . . . is reserved under the decree by agreement of both parties or by order of court after finding that good cause exists, the court may make any further orders as shall appear just and equitable . . . allocating, as between the parties, the responsibility for the payment of the debts of the parties whether community, joint, or separate, and the attorney's fees, costs, and expenses incurred by each party by reason of the divorce.  In making these further orders, the court shall take into consideration:  the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset, or violation of a restraining order issued under section 580-10(a) or (b), if any, by either party, and all other circumstances of the case. . . .

(b) An order as to the custody, management, and division of property and as to the payment of debts and the attorney's fees, costs and expenses incurred in the divorce shall be final and conclusive as to both parties subject only to appeal as in civil

(continued . . .)

an award of attorney's fees is discretionary, with the significant caveat that such an award "shall appear just and equitable."  HRS § 580-47(a); see Owens v. Owens, 104 Hawai'i 292, 307, 88 P.3d 664, 679 (App. 2004) ("The award of attorney's fees under HRS § 580-47 is discretionary.").  Additionally, HRS § 580-47 instructs the family court, in awarding attorney's fees, to consider the following:

> the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon

___

(. . . continued)
> cases.  The court shall at all times, including during the pendency of any appeal, have the power to grant any and all orders . . . to compel either party to advance reasonable amounts for the expenses of the appeal including attorney's fees to be incurred by the other party, and to amend and revise such orders from time to time.

> . . . .

> (f) Attorney's fees and costs.  The court hearing any motion for orders either revising an order for the custody, support, maintenance, and education of the children of the parties, or an order for the support and maintenance of one party by the other, or a motion for an order to enforce any such order or any order made under subsection (a) of this section, may make such orders requiring either party to pay or contribute to the payment of the attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, the relative abilities of the parties, the economic condition of each party at the time of the hearing, the burdens imposed upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset, or violation of a restraining order issued under section 580-10(a) or (b), if any, by either party, and all other circumstances of the case.

HRS § 580-47 (2014) (emphases added).

9

either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset, or violation of a restraining order issued under section 580-10(a) or (b), if any, by either party, and all other circumstances of the case.

HRS § 580-47(a).

In contrast, HFCR Rule 68 mandates the award of attorney's fees to a party who tenders a settlement offer that the other party refuses to accept "[i]f the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer . . . unless the court shall specifically determine that such would be inequitable." HFCR Rule 68. Absent such a specific finding, the offeree must pay the "reasonable attorney's fees incurred after the making of the offer." HFCR Rule 68.

Hence, the framework of the rule appears to be in conflict with the statute because, while the statute vests the family court with discretion to determine, as shall appear just and equitable, whether attorney's fees should be awarded to a party, see HRS § 580-47(a) (stating that "the court may make . . . orders as shall appear just and equitable . . . allocating . . . the attorney's fees" (emphasis added)), the rule reformulates the family court's statutory-based discretion and instead requires the family court to award attorney's fees to a party-offeror so long as the judgment in its entirety is patently not more favorable than the offer, see HFCR Rule 68 (specifying that

10

"the offeree must pay the costs, including reasonable attorney's fees" (emphasis added)), which can be avoided only after a court's specific finding that payment of costs would be inequitable.

Thus, while HRS § 580-47(a) requires the family court to consider a host of factors and the totality of the circumstances to determine whether it is just and equitable to award a party attorney's fees, consideration of presumably the same or similar equitable factors under HFCR Rule 68 are relegated to a mere afterthought, see HFCR Rule 68 (mandating an award of attorney's fees "unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580-47 or other applicable statutes"). The 2015 version of HFCR Rule 68 is even more problematic than the 2006 version because it omits the phrase "in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended." By deleting the reference to HRS § 580-47, HFCR Rule 68 now appears to have been decoupled from the statute. Thus, the current form of HFCR Rule 68 does not provide any guidance or standard for its mandate that reasonable post-offer attorney's fees should not be awarded if "such would be inequitable," making it susceptible of subjective and differing applications.

11

As stated, HRS § 580-47 directs the family court to determine the equity and justice of awarding attorney's fees based on a multifactor analysis in the course of deciding whether to award such fees.  HFCR Rule 68, on the other hand, treats the award of attorney's fees to a party-offeror as presumptively mandatory--a presumption absent from the statute-- and to be overridden only if the family court specifically finds such an award to be inequitable.  Viewed another way, while HRS § 580-47 places the burden on the offeror to demonstrate that an award of attorney's fees is just and equitable, HFCR Rule 68 inherently places the burden on the offeree to show the opposite.  Hence, as a practical matter, under HFCR Rule 68, the offeror need only show to the family court the terms of the offer and illustrate how the judgment obtained is patently not more favorable than the terms of the offer.  Once the offeror makes this showing, the presumption that the offeror is entitled to attorney's fees attaches, and it becomes incumbent upon the offeree to demonstrate that an award of post-offer attorney's fees to the offeror would be inequitable under HRS § 580-47 or another statute.  The rule creates, in essence, a <u>presumption of fairness and equity</u> upon a finding that the judgment is patently not more favorable than the offer, whereas the statute requires an <u>affirmative showing of fairness and equity</u>.  In design and

12

effect, the test under the rule is different from the test under the statute.

The inconsistency of HFCR Rule 68's mandate to that of HRS § 580-47 is clearly demonstrated in this case. After Husband moved for post-offer attorney's fees and costs, the family court determined that he is "entitled to an award of fees pursuant to [HFCR] Rule 68" because Wife was ordered "to pay Husband the sum of $22,222.36 as an equalization payment" while "Husband's Rule 68 offer to Wife was for Husband to pay Wife the sum of $9,000.00 as an equalization payment." Thus, the family court applied the presumptive mandate of HFCR Rule 68 to award Husband his post-offer trial fees and costs because, in the family court's view, Wife obtained a judgment not patently more favorable than Husband's offer. Nothing in the family court's determination indicates that the award of attorney's fees was consistent with principles of fairness and equity and that the award was made in consideration of the totality of the circumstances. This is to be expected, since the language of HFCR Rule 68--"unless the court shall specifically determine that such would be inequitable"--signifies that consideration of equitable factors under "HRS § 580-47 or other applicable statutes" is subsidiary to the threshold determination of whether post-offer fees and costs should be awarded based on the "patently not more favorable" test; an assessment of the

13

statutory criteria is merely a secondary inquiry meant to potentially override the rule's presumptive mandate to award a party-offeror's post-offer fees and costs when the "patently not more favorable" test has been met.

On the other hand, had Husband requested attorney's fees pursuant to HRS § 580-47, the cardinal consideration of the family court would have been whether such an award appears just and equitable, not whether the judgment as a whole is patently not more favorable than the settlement offer.  In such an instance, the family court's order in this case would not have sufficed because it is silent as to how the attorney fee award to Husband is just and equitable in light of the HRS § 580-47 factors and the totality of the circumstances.

**2. HFCR Rule 68 Abridges Substantive Rights**

The Hawai'i Constitution accords this court the "power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law." Haw. Const. art. VI, § 7.  "However, pursuant to HRS § 602–11 (1985), '[s]uch rules shall not abridge, enlarge, or modify the substantive rights of any litigant, nor the jurisdiction of any of the courts, nor affect any statute of limitations.'"  In re Doe, 77 Hawai'i 109, 113, 883 P.2d 30, 34 (1994) (alteration in original) (emphasis added).  Where a court-made rule affecting

14

litigants' substantive rights contravenes the dictates of a parallel statute, the rule must give way.  See In re Doe Children, 94 Hawai'i 485, 487, 17 P.3d 217, 219 (2001) (holding that HRAP Rule 4(a)(3) cannot be construed "in such a way as to modify the requisite deadline for filing an HRS § 571-54 motion for reconsideration and the subsequent notice of appeal," and thus, "HRAP Rule 4(a)(3) is inapplicable to family court cases governed by HRS § 571-54").

Here, HFCR Rule 68 abridges the substantive rights of parties in family court proceedings because, as discussed, it modifies the standard by which the family court should decide whether to award post-offer attorney's fees to the party-offeror.  Cf. Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 407 (2010) ("What matters is what the rule itself regulates: If it governs only 'the manner and the means' by which the litigants' rights are 'enforced,' it is valid; if it alters 'the rules of decision by which [the] court will adjudicate [those] rights,' it is not." (quoting Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, 446 (1946))).  That HFCR Rule 68 modifies the governing standard for awarding post-offer attorney's fees is even more apparent in the 2015 version of the rule, which explicitly decoupled the analytical framework from that prescribed by HRS § 580-47.  By conferring on a party to a family court proceeding a presumptive entitlement to post-offer

15

attorney's fees, HFCR Rule 68 creates a decisional framework that is inconsistent with the legislature's manifest directive in HRS § 580-47 that attorney's fees may be discretionarily awarded to a party only if such an award "shall appear just and equitable" after considering the factors outlined in the statute and the totality of the circumstances.  See Bank of Haw. v. Shinn, 120 Hawai'i 1, 8, 200 P.3d 370, 377 (2008) ("Allowing a party, through reliance on HRCP Rule 5(a), to avoid giving notice to a party in default prior to extension of a judgment would eviscerate the legislature's unmistakable mandate in HRS § 657-5 that '[n]o extension shall be granted without notice.'"); In re Doe, 77 Hawai'i at 113, 883 P.2d at 34 (resolving the conflict between HFCR 59(g)(1) and HRS § 571-54 in favor of the statute and holding HFCR Rule 59(g)(1) void as "Rule 59(g)(1) mandates an earlier motion deadline than does the statute and consequently infringes on an aggrieved party's right to appeal by curtailing the time in which to file a timely notice of appeal").[9]

---

[9]     As a related matter, a bedrock principle of constitutional law is the recognition that the right to care, custody, and control of one's children is a fundamental liberty interest.  In re RGB, 123 Hawai'i 1, 229 P.3d 1066 (2010) (stating "that article 1, section 5 of the Hawai'i Constitution provides parents a 'substantive liberty interest in the care, custody, and control of their children,' independent of the United States Constitution" (quoting In re Doe, 99 Hawai'i 522, 533, 57 P.3d 447, 458 (2002))).  Although this fundamental right is not involved here because the parties did not have minor children at the time this divorce action was commenced, there certainly are cases where application of HFCR Rule 68 could

(continued . . .)

**3.**

Consequently, because HFCR Rule 68 affects substantive rights of parties in a divorce proceeding and it is in derogation of HRS § 580-47, we hold that HFCR Rule 68 is inapplicable to cases governed by HRS § 580-47.[10] Correspondingly, in cases within the purview of HRS § 580-47, requests for attorney's fees and costs must be evaluated pursuant to the factors and circumstances set forth in HRS § 580-47(a) and (f) in order to determine that an award of such fees and costs is just and equitable.[11]

---

(. . . continued)
potentially infringe upon fundamental parental rights by coercing parents to settle on matters of custody and visitation because of the looming threat of paying the other party's attorney's fees. See infra Part II.B.2. In that regard, HFCR Rule 68 clearly affects substantive rights.

[10] Because this case is one that is governed by HRS § 580-47, we intimate no opinion as to the applicability of HFCR Rule 68 to family court cases not governed by HRS § 580-47.

[11] Although Husband generally argues that the family court violated his constitutional due process and equal protection rights, he makes no discernible argument with respect to each and, aside from making conclusory allegations, does not attempt to show that the facts and circumstances of this case satisfy the elements of due process and equal protection claims. Because this "court is not obliged to address matters for which the appellant has failed to present discernible arguments," there is no need for this court to reach the due process and equal protection issues. Haw. Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478—79, 164 P.3d 696, 736—37 (2007); see Norton v. Admin. Dir. of the Court, 80 Hawai'i 197, 200, 908 P.2d 545, 548 (1995) (observing that this court may "disregard [a] particular contention" if appellant "makes no discernible argument in support of that position").

Further, because we hold that HFCR Rule 68 does not apply to cases governed by HRS § 580-47, Husband's argument that he was deprived of due process and equal protection rights based on the family court's alleged violation of HFCR Rule 68 need not be addressed.

## B. The Operation of HFCR Rule 68 Generates Substantial Complications

In addition to HFCR Rule 68's inconsistency with HRS § 580-47, the rule is also often analytically unworkable, commonly unsuited to issues typically implicated in family court proceedings governed by HRS § 580-47, and may improperly coerce parties to settle.

### 1. The Inherent Difficulties in Applying HFCR Rule 68

HFCR Rule 68 is similar to Hawai‘i Rules of Civil Procedure (Civil Procedure Rule or HRCP) Rule 68 (1999).[12]  See

---

[12]  Civil Procedure Rule 68 provides as follows:

> At any time more than 10 days before the trial begins, any party may serve upon any adverse party an offer of settlement or an offer to allow judgment to be taken against either party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall, in accordance with the agreement, enter an order of dismissal or a judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, either party may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

HRCP Rule 68 (1999) (emphasis added).

18

Criss v. Kunisada, 89 Hawai'i 17, 968 P.2d 184 (App. 1998) (noting that Civil Procedure Rule 68 and its family court counterpart, HFCR Rule 68, "cover[] the same subject"). However, a rule that requires a party-offeree who rejects a settlement offer to pay the party-offeror's attorney's fees if the judgment obtained is not patently more favorable than the offer is frequently problematic in the realm of family court proceedings.  See In re Marriage of Saunders, 975 P.2d 927, 929—30 (Or. Ct. App. 1999) (reasoning that the Oregon civil procedure rule similar to HRCP Rule 68 does not apply to dissolution cases and that those cases must be governed by a statute similar to HRS § 580-47, which requires the family court to exercise its discretion to award attorney's fees after conducting a multifactor analysis and considering the totality of the circumstances); Mohr v. Mohr, 573 S.E.2d 729, 731 (N.C. Ct. App. 2002) (holding that "offers of judgment are inconsistent with [North Carolina's] framework for determining child custody"); Leeming v. Leeming, 490 P.2d 342, 344 (Nev. 1971) (concluding that Nevada's version of HRCP Rule 68 is "inapplicable to divorce proceedings" because they "involve entirely different social considerations than other civil

actions" and "to hold [Rule] 68 applicable to divorce matters would be incompatible with the pattern and policy of our law").[13]

Determining whether "the judgment <u>in its entirety</u> finally obtained by the offeree is <u>patently not more favorable</u> than the offer," as required by HFCR Rule 68 (emphases added), is incompatible with the nature of issues commonly involved in family court proceedings subject to HRS § 580-47 and consequently results in considerable complications.  The ICA has held "that an offer of settlement pursuant to [HFCR Rule 68] may be made concerning any item as to which 'a decree or order' may be entered, and is not required to encompass all issues in a divorce proceeding."  <u>Criss</u>, 89 Hawai'i at 18, 968 P.2d at 185.  The item, for example, may involve custody, visitation, property division, or child or spousal support.  In comparing an HFCR Rule 68 offer to the family court's final judgment, the ICA has explained that the comparison should be done "issue by issue."  <u>Owens v. Owens</u>, 104 Hawai'i 292, 309—10, 88 P.3d 664, 681—82 (App. 2004).  In <u>Criss</u>, the ICA concluded that "Wife's Rule 68 offer with respect to custody must be compared 'as a whole' to

---

[13]     The North Carolina Court of Appeals, in <u>Mohr</u>, identified Hawai'i as an example of a jurisdiction that defies "a clear trend to hold offers of judgment [pursuant to a civil procedure rule] inapplicable in the context of domestic relations."  <u>Mohr</u>, 573 S.E.2d at 731 (enumerating Nevada, Colorado, Florida, and Massachusetts as examples of jurisdictions that have specifically exempted domestic relations cases from civil procedure rules governing offers of judgment and citing <u>Criss</u> as a case that applied a family court rule governing offers of judgment to custody actions).

those terms of the divorce decree to which the offer was directed, i.e., custody." Criss, 89 Hawai'i at 25, 968 P.2d at 192. The ICA may have reasoned that HFCR Rule 68 required an item-by-item comparison because in family court cases, where a judgment often resolves issues relating to child custody and visitation, child and spousal support, valuation of real and personal property, stocks and securities, bank accounts and retirement funds, and tax liability, the comparative analysis that Rule 68 requires would be analytically unmanageable if combinations of nonmonetary variables and monetary variables are weighed against each other. See In re Marriage of Saunders, 975 P.2d at 930 (characterizing the evaluation of the different aspects of a divorce judgment in order to determine whether the judgment is more favorable than a party's offer as "intrinsically impossible"). Although the issue-by-issue approach appears practical from a logical standpoint, we note that the ICA's interpretation appears to contravene the plain language of HFCR Rule 68, which requires a comparison between a "judgment in its entirety" and the offer.[14] HFCR Rule 68. Further, severing different aspects of a judgment, as the ICA has suggested, in order to compare each item to a corresponding

---

[14] In light of our disposition in this case, we need not resolve this question.

portion of an offer does not simplify the comparative analysis required under HFCR Rule 68.

Consider, under an item-by-item analysis, an offer by Party A that provides primary physical custody of the parties' children to Party A and that allows Party B once-per-week visitation rights.  If the judgment awards Party B primary physical custody and once-per-week visitation rights to Party A--that is, the exact opposite of what the offer provided--there is little doubt that the judgment is patently more favorable than the offer, and the family court should not award post-offer attorney's fees and costs to Party A.  The difficult complication arises in cases where an item in the offer differs slightly from the parallel item in the final judgment.  Suppose the judgment awards Party A primary physical custody of the children and gives Party B an extra day of visitation in alternate months.  Is the judgment obtained, despite the additional visitation days, "patently not more favorable" than the offer even though, in Party B's view, the extra visitation is critical to the children's well-being?  To what extent must the visitation days awarded in the judgment exceed those contained in the offer in order for the offeree to surmount the "patently not more favorable" threshold and avoid paying the offeror's post-offer attorney's fees and costs?  The obvious answer is that it is unclear, for the weight that parties to

family court proceedings ascribe to different aspects of the judgment undoubtedly differs in every case.  See Leeming, 490 P.2d at 345 (reasoning that "an offer's 'favorable' character will often depend on the parties' personal goals").[15]

In short, the comparative analysis embodied by HFCR Rule 68 is analytically problematic given the issues and concerns that a family court judgment typically encompasses in cases governed by HRS § 580-47, and the ICA's efforts to make the required analysis workable do not resolve difficulties associated with the application of HFCR Rule 68 to nontangible, nonmonetary aspects of a family court judgment in such cases.

**2. The Magnitude and Expansive Reach of HFCR Rule 68**

Not only are the sanctions provided for in HFCR Rule 68 problematic in the context of family court proceedings, the rule's breadth and character are also remarkably more extensive than the parallel Civil Procedure Rule 68, such that, under

---

[15]    The analytical difficulties attendant to the family court's obligation to apply the dictates of HFCR Rule 68 are paralleled by the decisional difficulties that parties to family court proceedings must undergo once the rule is triggered by a settlement offer.  The decision of whether to accept an HFCR Rule 68 offer is remarkably complex because, as mentioned, family court judgments encompass the resolution of various issues, many of which are not readily convertible to purely monetary terms.  Since equity and justice (not hard-and-fast, black-letter rules) permeate judicial decision-making in family court proceedings, a party-offeree and counsel do not necessarily have the informational base to reasonably appraise whether an HFCR Rule 68 offer should be accepted because a subsequent family court judgment would be patently not more favorable than the offer.

certain facts and circumstances, the rule may coerce, rather than just encourage, a settlement. Under Civil Procedure Rule 68, this court has unequivocally held "that 'costs' . . . do not include attorneys' fees." Collins v. S. Seas Jeep Eagle, 87 Hawai'i 86, 90, 952 P.2d 374, 378 (1997). In contrast, HFCR Rule 68 is unambiguous in its express requirement that a party-offeree who obtains a judgment not patently more favorable than the offer must pay "reasonable attorney's fees incurred after the making of the offer."[16] As this court has recognized in Collins, "the inclusion or exclusion of attorneys' fees within the definition of 'costs' will make a significant difference in a plaintiff's consideration of whether to accept or reject an offer of judgment." Id. at 88, 952 P.2d at 376. The express inclusion of reasonable attorney's fees as awardable costs under

---

[16] The expansiveness of HFCR Rule 68 is further underscored by comparing it to its federal counterpart. The Supreme Court of the United States has held that the phrase "judgment . . . obtained by the offeree" means that the "plain language of [FRCP] Rule 68 confines its effect to . . . case[s] in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer." Delta Air Lines v. August, 450 U.S. 346, 351 (1981). That is, "it is clear that [FRCP Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff." Id. at 352. Because the judgment in August was in favor of the defendant-offeror and against the plaintiff-offeree, the Court concluded that FRCP Rule 68 was "simply inapplicable to this case because it was the defendant that obtained the judgment." Id. In contrast, the plain language of HFCR Rule 68 permits an award of post-offer costs even in instances where the judgment obtained favors the defendant-offeror and is against the plaintiff-offeree since "any party may serve upon the adverse party an offer to allow a judgment to be entered to the effect specified in the offer." HFCR Rule 68 (emphasis added); cf. Kikuchi v. Brown, 110 Hawai'i 204, 209, 130 P.3d 1069, 1074 (App. 2006) (holding the same with respect to Civil Procedure Rule 68).

HFCR Rule 68 renders this rule significantly more potent than Civil Procedure Rule 68, since attorney's fees are generally not insubstantial even in the least contentious of cases. In this case, for example, the family court determined that Husband is entitled to post-offer trial fees and costs of $18,051.12.

The more potent nature of HFCR Rule 68 is further illustrated by a comparison of the respective frameworks in which HFCR Rule 68 and Civil Procedure Rule 68 operate. Under the Civil Procedure Rules, prevailing parties as a matter of course are awarded costs. HRCP Rule 54(d)(1) (providing that "costs shall be allowed as of course to the prevailing party" unless a statute, Civil Procedure Rule, or the court otherwise directs (emphasis added)). Hence, "[i]f the offer is rejected, and the offeree ultimately obtains a judgment that is less favorable than the offer, the offeree must pay the offeror's post-offer costs, and the offeree is precluded from obtaining his or her post-offer costs." Collins, 87 Hawai'i at 88, 952 P.2d at 376. If an offeree "rejects a [Civil Procedure] Rule 68 settlement offer, he [or she] will lose some of the benefits of victory if his [or her] recovery is less than the offer." Id. (emphasis added) (quoting Delta Air Lines v. August, 450 U.S. 346, 352 (1981)). The prevailing offeree essentially forfeits his or her entitlement to costs under Civil Procedure Rule 54 and must instead pay the offeror's respective costs. Id. Thus,

25

under Civil Procedure Rule 68, the penalty that may encourage offerees to settle is the possibility of foregoing some attendant "benefits of victory" that are recoverable as a matter of course pursuant to the Civil Procedure Rules.  Id. (quoting August, 450 U.S. at 352); see HRCP Rule 54.

The same framework does not underlie family court proceedings.  The Hawai'i Family Court Rules do not include a provision requiring a party as a matter of course to pay the other party's costs, including reasonable attorney's fees. Compare HFCR Rule 54(d) (stating that "[c]osts shall be allowed where expressly provided by statute, stipulation, agreement, order, or these rules"), with Civil Procedure Rule 54(d)(1).[17] Thus, the possible penalty, under HFCR Rule 68, for the party-offeree who declines an offer is not merely to forego something that he or she would commonly receive as an incident to winning the litigation; instead, the penalty is the payment of something that does not normally accrue as a matter of course to a party in family court proceedings, i.e., costs and attorney's fees. See HRS § 580-47.  Plainly, a party stands to lose more, both in

---

[17]    Indeed, one can posit that HFCR's lack of a provision that closely parallels Civil Procedure Rule 54 is due to the fact that, in family court cases, judgments rendered often contain different aspects and forms of relief that can make it difficult to identify who is the "prevailing party." See HRCP Rule 54(d)(1).

kind and in magnitude, under HFCR Rule 68 than under Civil Procedure Rule 68.

Consequently, there may be instances where HFCR Rule 68 would go beyond merely effectuating the purpose for which it was created--to "encourage settlements . . . before a contested matrimonial trial or a contested hearing for an order is scheduled to begin." Nakasone v. Nakasone, 102 Hawai'i 177, 181, 73 P.3d 715, 719 (2003) (quoting Criss, 89 Hawai'i at 22, 968 P.2d at 189). Decision-making in which parties to a family court proceeding engage in the course of litigation too often involves "interrelated as well as unrelated motives and problems, where far more may be at stake than the mere dollar amount of a support award." Leeming, 490 P.2d at 345. By subjecting such sensitive and often emotionally charged decision-making to the threat of paying the other party's attorney's fees, under some factual scenarios, HFCR Rule 68 has the tendency to coerce a party to settle instead of simply encouraging settlements.

This tendency to potentially coerce a settlement is all the more problematic in actions involving child custody and visitation, which are both subject to HFCR Rule 68 (stating that a judgment offered under the rule "may be made as to all or some

27

of the issues, such as custody and visitation").[18]  Because the

determination of the terms of custody and visitation is dictated

by the "best interests of the child," HRS § 571-46 (Supp. 2013),

the ICA has thoughtfully observed that "the possible impact on a

party's pocketbook should have no influence on the child custody

_____

[18]     HFCR Rule 68 has been utilized in cases involving child custody
and visitation that illustrate the problematic application of the rule.  In
Criss, a party made an offer of settlement awarding herself "the care,
custody, and control of the child, . . . subject to [Husband's] rights of
reasonable visitation."  89 Hawai'i at 19, 968 P.2d at 186.  The issue was
whether the family court's judgment, which paralleled the wife's offer but
provided more details as to the husband's visitation rights, was patently not
more favorable than the wife's offer.  Because the wife's offer was prefaced
by the phrase, "The following is [Wife's HFCR] Rule 68 offer of settlement to
[Husband] on the issue of child custody," id., the ICA concluded that the
more detailed terms on visitation rights in the family court's decree were
immaterial and that the decree, having the identical terms on custody as the
wife's offer, was therefore patently not more favorable than the offer.  Id.
at 25, 968 P.2d at 192.

        In Owens, the wife's offer included terms relating "to custody,
visitation, amount of child support, monies owed to each other, and
attorney's fees and costs."  104 Hawai'i at 308, 88 P.3d at 680.  The issues
were whether the terms of the offer were sufficiently specific and whether
the family court erred by deciding the HFCR Rule 68 request by comparing all
the issues raised in the wife's offer to the outcome of those issues as
reflected in the family court's judgment instead of engaging in an issue-by-
issue comparison.  Id. at 308—10, 88 P.3d at 680—82.

        The husband's offer in Brutsch v. Brutch also involved child
custody, and the family court denied the husband's request for attorney's
fees after comparing his offer to the entirety of the divorce decree.  135
Hawai'i 217, 347 P.3d 1023 (App. 2015) (SDO), cert. granted, No. SCWC-12-
0000703, 2015 WL 6457143 (Haw. Oct. 23, 2015).  The ICA disagreed and
instructed the family court to sever the issue of custody from other issues
resolved by the divorce decree when engaging in the comparative analysis
required by HFCR Rule 68.  Id.

        Finally, in Nakasone v. Nakasone, the husband's settlement offer
and the wife's counteroffer both included provisions as to custody of the
parties' minor children.  102 Hawai'i 108, 112, 73 P.3d 62, 66 (App. 2002),
rev'd, 102 Hawai'i 177, 73 P.3d 715 (2003).  The custody issue was later
resolved by an out-of-court stipulation, and the issue on appeal was whether
the comparative analysis required by HFCR Rule 68 applied to issues contained
in the original offer but settled pretrial; the ICA answered in the
affirmative.  Id. at 118—19, 73 P.3d 72—73.

issue." Nakasone v. Nakasone, 102 Hawai'i 108, 117 n.5, 73 P.3d 62, 71 (App. 2002) rev'd on other grounds, 102 Hawai'i 177, 73 P.3d 715 (2003). However, HFCR Rule 68's threat of penalizing a party-offeree, by requiring payment of the party-offeror's attorney's fees, could "deter a party whose genuine concern for the best interests of the child is motivating him or her to contest the award of child custody and/or visitation from continuing to contest the award of child custody and/or visitation." Id. It is contrary to societal interests that HFCR Rule 68 should penalize and, thus, dissuade a party from continuing with litigation to contest an offer of settlement involving custody or visitation, when a party genuinely believes that the offer is not in the best interests of the child. See id. ("[T]he possibility that a party is contesting the award of child custody and/or visitation for reasons other than the best interests of the child is insufficient to justify imposition of an HFCR Rule 68 type bright line rule that would deter a party whose genuine concern for the best interests of the child is motivating him or her to contest the award of child custody and/or visitation from continuing to contest the award of child custody and/or visitation.").

In sum, the breadth, scope, and application of HFCR Rule 68 may, in certain cases, improperly coerce parties to

settle rights and issues whose resolution should not be driven by the threat of monetary penalties.  This attribute of HFCR Rule 68, exacerbated in its deleterious effect by its application to family court proceedings governed by HRS § 580-47, provides another reason for our holding that HRS § 580-47 controls the determination of whether to award attorney's fees and costs in all cases subject to HRS § 580-47.[19]

### C.

The dissent asserts that the issue of appellate fees and the applicability of HFCR Rule 68 to cases governed by HRS § 580-47 are distinct issues and that we are therefore engaging in plain error review.  Because we resolve a properly preserved issue by answering, at the threshold, a dispositive question of law, the plain error doctrine has no application.  In Waldecker v. O'Scanlon, one of the issues raised was whether the

---

[19]     The dissent maintains that our decision to limit the application of HFCR Rule 68 so as not to include cases covered by HRS § 580-47 "bypasses this court's usual process for amendments to the HFCR."  Dissent at 10.  The dissent seems to be advocating that this court should be precluded from directly determining the validity of court rules and instead defer to the rules committee to address any errors in the rules.  However, this court is authorized to invalidate, or modify the scope of, rules without going through the "usual process" that the dissent describes, as this court has done in numerous occasions.  See, e.g., In re Doe Children, 94 Hawaiʻi 485, 487, 17 P.3d 217, 219 (2001) (rendering "HRAP Rule 4(a)(3) . . . inapplicable to family court cases governed by HRS § 571-54" without going through the amendment process); In Interest of Doe, 77 Hawaiʻi 109, 113-14, 883 P.2d 30, 34-35 (1994) (voiding HFCR 59(g)(1) without undergoing the amendment process); Bank of Haw. v. Shinn, 120 Hawaiʻi 1, 8, 200 P.3d 370, 377 (2008) (limiting the scope of HRCP Rule 5(a) without regard to the amendment process).

petitioner's relocation was a material change in circumstances that would warrant a reexamination of the best interests of the child.  No. SCWC-14-0000780, 2016 WL 3364695, at *7 (Haw. June 17, 2016).  The dispositive argument that this court chose to resolve, even though neither party asserted it, was the continued application of the material change of circumstances standard as a prerequisite to modifying a custody order.  Id. at *8–*12.  The Waldecker court did not utilize the plain error doctrine.  In Akamine & Sons, Ltd. v. Hawaii National Bank, the issue of attorney's fees was raised, but the parties failed to advance a dispositive legal argument contained in the provisions of the promissory notes and mortgage involved in that case.  54 Haw. 107, 114–15, 503 P.2d 424, 429 (1972).  The court resolved the issue by answering the dispositive legal argument, and plain error was not invoked.  Id. at 114–20, 503 P.2d at 429–31.  Thus, in cases similar to Waldecker and Akamine, where this court resolves a properly preserved issue by answering a threshold or dispositive question of law, even though the argument is not advanced by the parties, the plain error doctrine simply has no application.

Here, the overarching issue is whether Husband should have been awarded appellate attorney's fees under HFCR Rule 68, an issue that Husband raised and properly preserved.  A foundational and dispositive question of law that the parties

31

did not advance is whether HFCR Rule 68 applies to family court cases governed by HRS § 580-47.  In resolving this dispositive legal question in this case, plain error review is not triggered.  Id.; Waldecker, 2016 WL 3364695, at *8—12.  To not address this threshold question regarding the application of HFCR Rule 68 to cases governed by HRS § 580-47 because neither party advances this argument would mean employing a legal principle that is not applicable in this case to resolve the issue on appeal, a course of action that this court has repeatedly rejected.  See, e.g., Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawai'i 36, 46, 305 P.3d 452, 462 (2013) (holding that "the parties' stipulation as to a question of law is not binding on the court, and does not relieve us from the obligation to review questions of law de novo"); Chung Mi Ahn v. Liberty Mut. Fire Ins. Co., 126 Hawai'i 1, 10, 265 P.3d 470, 479 (2011) (disregarding the parties' agreement that the statute involved had retrospective effect and instead holding that the statute was not retroactive); State v. Schnabel, 127 Hawai'i 432, 445, 279 P.3d 1237, 1250 (2012) (judicially noticing on appeal an unraised statute because "[i]t is axiomatic that a court must 'know' the law within its jurisdiction; hence a court is required to 'notice' applicable law and to instruct the jury thereon" (quoting State v. West, 96 Hawai'i 22, 26—27, 18 P.3d

32

884, 888—89 (2001))); Waldecker, 2016 WL 3364695, at *11 (sua sponte overturning prior appellate decisions that required a showing of a material change of circumstances as a prerequisite to modifying a custody order because that standard deviated from HRS § 571-46(a)(6)).

### III. CONCLUSION

Our process in crafting court rules is not infallible, and this infallibility generated occasions where this court, in the context of litigation, had to invalidate or limit the scope of rules that it promulgated based upon their dissonance with statutes enacted by the legislature. See, e.g., In re Doe Children, 94 Hawai'i 485, 487, 17 P.3d 217, 219 (2001); In Interest of Doe, 77 Hawai'i 109, 113-14, 883 P.2d 30, 34–35 (1994); Bank of Haw. v. Shinn, 120 Hawai'i 1, 8, 200 P.3d 370, 377 (2008). These cases illustrate this court's obligation not to knowingly ignore errors in the rules that it promulgated, especially when those errors, brought to light by litigation, produce unintended consequences detrimental to the substantive rights of litigants subject to the rules. As Justice Frankfurter once said, "Wisdom too often never comes, and so one ought not to reject it merely because it comes late." Henslee v. Union Planters Bank, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting) (quoted with approval by Boys Markets, Inc. v.

Retail Clerks Union, Local 770, 398 U.S. 235, 255 (1970) (Stewart, J., concurring)). The dissent's preferred alternative is to allow HFCR Rule 68 to continue to be applied in cases governed by HRS § 580-47 even if the rule contains a presumption of entitlement to fees and costs that is plainly absent from the statute. Employing this approach will jeopardize the fairness, integrity, and public reputation of family court proceedings in this jurisdiction and penalize Wife and similarly situated parties. See Johnson v. United States, 520 U.S. 461 (1997). We therefore elect not to follow this course.

We hold that both the 2006 and 2015 versions of HFCR Rule 68 do not apply to family court cases governed by HRS § 580-47 because they are contrary to the provisions of HRS § 580-47 and abridge substantive rights of litigants; because HFCR Rule 68's breadth, magnitude, and application is inconsistent with the concepts of fairness and equity inherent in family court proceedings subject to HRS § 580-47; because HFCR Rule 68 requires a comparative analysis of nontangible, nonmonetary aspects of family court judgments, a process unsuited to the host of issues that the family court is routinely called upon to resolve; and because the rule's penalty has a potential to coerce settlement of rights and issues whose resolution should not be driven primarily by financial motivations. Hence, the provisions of HRS § 580-47 must govern in all instances where a

party to a family court proceeding seeks an award for attorney's fees and costs subject to this statute.[20]

Accordingly, we vacate the ICA's Judgment on Appeal to the extent it vacated the portion of the August 6, 2012 family court order denying appellate fees and costs. The ICA's Judgment on Appeal is also vacated as to the ICA's March 12, 2015 order that denied Husband's HRAP Rule 39 motion for appellate costs "without prejudice to an award by the Family Court" and the April 9, 2015 order that awarded appellate costs to Husband pursuant to HRAP Rule 39(d). The case is remanded to the family court for consideration, as appropriate, of appellate fees and costs under HRS § 580-47.

R. Steven Geshell              /s/ Sabrina S. McKenna
for petitioner

                               /s/ Richard W. Pollack

Carlyn Davidson Cox
respondent pro se              /s/ Michael D. Wilson



---

[20]    Because we are proscribing the application of HFCR Rule 68 to family court cases governed by HRS § 580-47, our decision announces a new rule. See Schwartz v. State, 136 Hawai'i 258, 272—73, 361 P.3d 1161, 1175—76 (2015) ("The prototypical manner in which this court creates a new rule is when it . . . announces a superseding principle of law."). "As such, this decision applies only to this case and to all cases pending on direct appeal or not yet final at the time that this decision is rendered. By final, we mean those cases in which the judgment . . . has been rendered and the availability of appeal and certiorari has elapsed." State v. Won, 136 Hawai'i 292, 318 n.49, 361 P.3d 1195, 1221 n.49 (2015).