NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000088
29-NOV-2018
07:58 AM**

NO. CAAP-17-0000088

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AC, Petitioner, on behalf of
TP, Subject,
Petitioner-Appellee,
v.
NP, Respondent-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(CASE NO. FC-DA 16-1-0193)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Respondent-Appellant NP (Father) appeals an Order for Protection (OFP) filed by the Family Court of the Fifth Circuit (the Family Court)[1] on February 1, 2017, which bars him from having any contact, except for supervised visits, with his daughter (Child) until January 31, 2029.

On appeal, Father asserts the following points of error: (1) the Family Court committed reversible error by its failure to qualify Chia Granda (Dr. Granda), Carla Nelson (Dr. Nelson), and Noelle Cambeilh (Ms. Cambeilh) as expert witnesses, coupled with its failure to reflect its decision not to qualify the witnesses as experts on the record; (2) the Family Court committed reversible error by crediting the expert opinions of

---

[1] The Honorable Joe P. Moss presided.

Dr. Granda and Dr. Nelson, that Child's alleged disclosures were not coached, where such testimony was never given to a reasonable degree of probability in the experts' fields of practices; (3) the Family Court committed reversible error by admitting and relying upon the testimony of Dr. Granda and Ms. Cambeilh concerning children's reporting rates for sexual abuse and that children rarely lie about such matters, where neither of these witnesses was qualified as an expert on child sex abuse; and (4) Father's due process right to a fair trial was violated due to the cumulative effect of the errors in this case.

Generally, "[w]hether expert testimony should be admitted at trial rests within the sound discretion of the trial court and will not be overturned unless there is a clear abuse of discretion. An abuse of discretion occurs when the decisionmaker exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party." State v. Fukagawa, 100 Hawai'i 498, 503, 60 P.3d 899, 904 (2002) (citations and internal quotation marks omitted).

Arguments that were not raised at trial are waived on appeal. See Asato v. Procurement Policy Bd., 132 Hawai'i 333, 354 n.22, 322 P.3d 228, 249 n.22 (2014) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]" (citing State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003))). Nonetheless, this court may review these points for plain error. See Hawai'i Rules of Appellate Procedure Rule 28(b)(4) ("Points not presented [on appeal] in accordance with [Rule 28] will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."). The Hawai'i Supreme Court in Okada Trucking Co., Ltd., v. Bd. of Water Supply, 97 Hawai'i 450, 40 P.3d 73 (2002), stated:

> The plain error doctrine represents a departure from the normal rules of waiver that govern appellate review, and, as such, . . . an appellate court should invoke the plain error doctrine in civil cases only when justice so requires. As such, the appellate court's discretion to address plain error is always to be exercised sparingly.

Id. at 458, 40 P.3d at 81 (internal quotation marks, citations, and ellipsis in original omitted). See also Cox v. Cox, 138 Hawai'i 476, 491, 382 P.3d 288, 303 (2016) (dissenting opinion noting that Hawai'i appellate courts "rarely recognize[] plain error in civil cases").

## I. Failure to Qualify Witnesses as Experts

We first address Father's assertion that the Family Court plainly erred by failing to qualify Dr. Granda, Dr. Nelson, and Ms. Cambeilh as expert witnesses and subsequently relying on their testimonies in its decision. In the absence of any objection by Father to the witnesses testifying as experts and of any request to qualify them as experts during trial, Father now argues upon appeal that the Family Court's heavy reliance on the witnesses' testimonies in making its decision was plain error as it had "never actually reached the issue of whether the witnesses were qualified as experts, and if they were qualified, what were the limits of their qualification." Father cites to State v. Metcalfe, 129 Hawai'i 206, 297 P.3d 1062 (2013).[2] In Metcalfe, the Hawai'i Supreme Court instructed that "nothing in the HRE would preclude the trial court from declining to qualify a witness as an expert in front of the jury, so long as the requisite foundation for the witness's testimony is established." Id. at 226, 297 P.3d at 1082.

Here, proper foundation was established for each testifying witness, by virtue of their knowledge, skill, experience, training, or education. At trial, each witness testified as to their qualifications, as follows.

Dr. Nelson is a board certified pediatrician. She is Child's attending physician and treating physician. During the hearing, she stated that she was not testifying as an expert on

---

[2] Father further asserts that the Family Court plainly erred by failing to reflect the reasons for its decision not to qualify the witnesses as experts on the record, in order to facilitate appellate review. He directs us to the Metcalfe court's footnote stating that "in the future, trial courts adopting this approach should ensure that such a decision is reflected on the record to facilitate appellate review." Id. at 226 n. 13, 297 P.3d at 1082 n. 13. However, a failure to follow this procedure is not fatal to the trial court's decisions.

child abuse. However, she testified that based on her training and experience as a pediatrician, she is able to assess and diagnose whether a child may have been sexually abused. As Child's treating physician, she has met with Child and her mother at least once a year since Child was born. During three different appointments on March 4, 2015, March 27, 2015, and August 31, 2016, Child allegedly made disclosures to Dr. Nelson regarding possible sex abuse.

Dr. Granda is a board certified pediatrician, adult psychiatrist, and child psychiatrist, who is also certified in trauma-focused cognitive behavioral therapy for children who have been abused (including sexual abuse). She has also gone through other child and adolescent psychiatry training and board certification, which allow her to treat children who may have been sexually abused. Dr. Granda testified that, based on her training, experience, and education, she is able to diagnose mental disorders or mental issues with children. She has over a decade of experience with childhood sex abuse matters. Child was referred to Dr. Granda after Child made statements to Dr. Nelson tantamount to describing sexual abuse by her father. Dr. Granda has had four sessions with Child, sometimes with her mother as well.

Ms. Cambeilh is a licensed clinical social worker who is also trained in trauma-focused cognitive behavioral therapy. Ms. Cambeilh testified that, as a licensed clinical social worker, she can diagnose and treat mental health disorders. She has experience working with patients, including children, who have been sexually abused. Here, Child was referred to Ms. Cambeilh for therapy based on the referral from Dr. Nelson to Dr. Granda and Dr. Granda's opinion that Child suffered from post-traumatic stress disorder. Ms. Cambeilh met with Child for four sessions.

Where the proper foundation was established for each witness, we conclude that the Family Court's failure to qualify the witnesses as experts was not plain error.

4

## II. Statements Not Made to a Reasonable Degree of Probability in Witness' Fields of Practice

Father further argues that the testimonial statements were not made to a reasonable degree of certainty or probability in their fields and as such, were not relevant or reliable. Father argues that "[w]ithout this testimony, it was and is impossible to know whether the witness's testimony was probable in their field, or merely a speculative statement of possibilities."

As the fact-finder in this case, the Family Court has the discretion to assign the appropriate weight to the testimony. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 117-18, 58 P.3d 608, 628-29 (2002) ("[I]t is within the province of the trier of fact to weigh the evidence and to assess the credibility of the witnesses, and this court will refrain from interfering in those determinations.") (internal quotation marks and citation omitted). "[T]he touchstones of admissibility for expert testimony under HRE Rule 702 are relevance and reliability." State v. Vliet, 95 Hawai'i 94, 106, 19 P.3d 42, 54 (2001). In State v. DeLeon, 131 Hawai'i 463, 319 P.3d 382 (2014), the Hawai'i Supreme Court held that "trial courts should not require a reasonable degree of scientific certainty before admitting expert opinions but may exclude expert testimony based on speculation or possibility." Id. at 484, 319 P.3d at 403 (quotations omitted).

At trial, Father objected to Dr. Granda's opinion that the mother was not coaching Child. Father's objection was based on a lack of foundation as to the mother's credibility. The Family Court overruled the objection at trial stating, "I think she can, based on her four sessions [with Child], has -- make her opinion about whether or not -- her observations of mom and her observations about whether there appears to be coaching." We conclude that this was not an abuse of discretion. Father's objection at trial, however, did not preserve the argument based on degree of certitude or probability that Father contends on appeal. It is thus waived. See Asato, 132 Hawai'i at 354 n.22,

322 P.3d at 249 n.22.

Somewhat similarly, Dr. Nelson testified to her opinion that Child was not developmentally able to be coached.[3] Father objected to this statement as improper because Dr. Nelson had stated that she was only testifying as an attending or treating physician. The Family Court overruled Father's objection at trial, finding that the statement was "still in her area of expertise that -- whether the person would have enough *developmental ability* at that age to -- to be coached." (emphasis added) The Family Court did not abuse its discretion in reaching this conclusion. Upon appeal, however, Father contends that this statement was not grounded upon a reasonable degree of probability in her field of training, which does not stem from the objection made at trial. Father's argument on appeal was not properly preserved and is thus waived. See id.

## III. Statements Made Outside Scope of Training

Next, Father takes issue with Dr. Granda and Ms. Cambeilh's testimonies as to statistics on reporting rates for sexual abuse and on the contention that children rarely lie about such matters.[4] No objections were made to these statements at trial. On appeal, Father contends that Dr. Granda and Ms. Cambeilh were not qualified as experts on child sex abuse and testified beyond the scope of their training and experience. As addressed *supra*, because this argument was not raised at trial, it is waived on appeal. See Asato, 132 Hawai'i at 354 n.22, 322 P.3d at 249 n.22. Nonetheless, Father asserts that the Family

---

[3] Specifically, Dr. Nelson stated, "I don't think developmentally a child of that age could memorize those things that, you know, she stated in a room. I don't think developmentally she would -- she would be capable of that."

[4] Dr. Granda's testimony consisted of statements that "almost 43 percent [of child sex abuse victims] still don't disclose, and especially in childhood. At least 28 percent -- or actually, no, 28 percent they say make disclosures during childhood," and "it's in the 90-something percentile range that kids don't lie about these kinds of history of abuse."

Ms. Cambeilh's testimony consisted of statements that "[e]ven with corroborating evidence, like a medical exam or a perpetrator that admits to it, that up to like 43 percent will still not disclose," and "what the research shows is that kids very rarely fabricate, especially kids that young in age. . . . Only 4 to 8 percent total."

Court plainly erred in allowing and relying upon Dr. Granda and Ms. Cambeilh's testimonial statements regarding statistics on disclosure rates and the likelihood of children lying.

The Hawaiʻi Supreme Court has explained that "sexual abuse of children is a particularly mysterious phenomenon, and the common experience of the jury may represent a less than adequate foundation for assessing the credibility of a young child who complains of sexual abuse[.]" State v. Batangan, 71 Haw. 552, 557, 799 P.2d 48, 51 (1990). Although expert testimony regarding child sexual abuse can be admissible to assist the jury, it should only be admitted if it is not unduly prejudicial. Id. at 557-58, 799 P.2d at 51-52. In State v. McDonnell, 141 Hawaiʻi 280, 409 P.3d 684 (2017), the supreme court held that expert testimony on delayed reporting, tunnel memory, and incomplete disclosure was relevant because it "assisted the jury in understanding the 'seemingly bizarre behavior' exhibited by [the child]." Id. at 292, 409 P.3d at 696. Similarly, here, the statistics referenced by Dr. Granda and Ms. Cambeilh helped the Family Court as fact-finder to understand the unique behavioral dynamics involved with child sexual abuse, particularly in light of the fact that Child had made disclosures to Dr. Nelson but not to other individuals. Thus, we reject Father's assertion of plain error.

## IV. Due Process Right to a Fair Trial

Finally, Father argues that his due process right to have a fair trial was prejudiced because of the cumulative effect of the following alleged errors: (1) the mother's witnesses testified without being qualified as experts; (2) the mother's witnesses testified in areas that were beyond the scope of the training and experience that they testified to; (3) the Family Court relied upon substantial testimony by the mother's expert witnesses that was not testified to be to a reasonable degree of probability in the witness's fields; (4) Father's counsel at trial waived all cross-examination of Dr. Nelson, who was Father's primary accuser in the case and the only witness who

testified as to any alleged detailed disclosures by Child; and (5) Father's counsel at trial stipulated a late report by Ms. Cambeilh into evidence, which contained an additional abuse disclosure and which Father's counsel had only seen that morning, and Father's counsel had waived any cross-examination of Ms. Cambeilh as to the report.

Without question, a parent's right to the care, custody, and control of his or her child is a fundamental liberty interest protected by the United States Constitution. Doe v. Doe, 120 Hawai'i 149, 168, 202 P.3d 610, 629 (App. 2009). "Thus, under the Fourteenth Amendment of the United States Constitution and article 1, section 5 of the Hawai'i Constitution, the State may not deprive [a parent] of this interest without providing a fair procedure for deprivation." Id.

Inasmuch as we determine that the Family Court did not plainly err in admitting and relying on the witness testimonies in reaching its decision, we find no merit in Father's assertion that the admission of the expert witness testimonies contributed to a violation of his due process right to a fair trial. Although the Family Court certainly recited various parts of the witness' testimonies in explaining its ruling, it did not necessarily assign weight to any evidence in particular, let alone to the testimonial statements specifically at issue in this appeal. Rather, the Family Court found that it was more likely than not that Child had suffered sexual abuse based on the weight of the evidence overall.

Father also argues that certain courses of action taken by his counsel during the lower proceedings constituted error, depriving him of his right to a fair trial. The Hawai'i Supreme Court has held that the right to counsel includes the right to effective counsel in termination of parental rights cases. In re RGB, 123 Hawai'i 1, 25, 229 P.3d 1066, 1090 (2010). In a termination of parental rights case, the proper inquiry when a claim of ineffectiveness of counsel is raised is "whether the proceedings were fundamentally unfair as a result of counsel's

incompetence." Id. Here, where the OFP bars Father from having any unsupervised contact with Child until 2029 and allows for supervised visits, Father does not experience the same level of deprivation of his parental interest as that experienced with an outright termination of parental rights. We decline to expand the application of the right to effective counsel in RGB to cases that do not rise to the level of a complete deprivation of a fundamental interest. See id. Accordingly, we conclude that Father's due process rights were not violated.

For the foregoing reasons, we affirm the Order for Protection filed by the Family Court of the Fifth Circuit on February 1, 2017.

DATED: Honolulu, Hawai'i, November 29, 2018.

On the briefs:

Linda M. Vass
Legal Aid Society of Hawaii
for Petitioner-Appellee.

Steven J. Kim
for Respondent-Appellant.

Presiding Judge

Associate Judge

Associate Judge

9