**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000014
03-SEP-2021
07:48 AM
Dkt. 57 SO**

NO. CAAP-20-0000014

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

JST, Petitioner-Appellee,
v.
TAP, Respondent-Appellant
and
CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAII, Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-P NO. 18-1-6331)

### SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Respondent-Appellant TAP (**Father**) appeals from the **"Order Awarding** Petitioner's Attorney's **Fees and Costs"** entered by the Family Court of the First Circuit on December 9, 2019.[1] For the reasons explained below, we affirm the Order Awarding Fees and Costs.

Father and Petitioner-Appellee JST (**Mother**) are the natural parents of **Child**.  Child was born in Texas in 2016.  In July 2018 Mother and Child moved to Hawai‘i, where Mother's family lives.  On August 30, 2018, Mother filed a petition for an order for protection against Father in Hawai‘i.

On September 6, 2018, Mother filed (1) a petition for custody, visitation, and support orders; and (2) a **Motion for**

---

[1]    The Honorable Na‘unanikina‘u Kamali‘i presided.

**Emergency Jurisdiction** in Hawaiʻi family court.  The issue of jurisdiction was resolved by order entered on October 19, 2018.[2] Father agreed to withdraw his pending Texas proceeding involving Child.  Mother agreed to withdraw her petition for protective order.  Child was to remain in Mother's care.

A stipulated judgment of paternity and order regarding custody, visitation, and support was entered on January 8, 2019. Father stipulated to paternity; Mother was awarded temporary legal and physical custody of Child, pending a trial set for May 13, 2019.

Mother filed a motion to compel discovery from Father on March 18, 2019.  Mother filed a motion to strike Father's witness list and for sanctions against Father on March 22, 2019. On March 29, 2019, the family court issued orders granting in part Mother's motion to compel discovery and denying Mother's motion to strike Father's witness list.[3]  The issue of sanctions was reserved.

A trial was held on May 13, 2019.[4]  On June 5, 2019, the family court issued the "Order re: May 13, 2019 Hearing[.]" Among other things, the family court awarded sole legal and physical custody of Child to Mother, with Father awarded supervised visitation rights.  The order did not address payment of attorneys' fees or costs or Mother's prior request for sanctions.

On June 26, 2019, Mother filed the motion for attorneys' fees and costs at issue in this appeal.  Father opposed the motion.  On October 7, 2019, the family court entered an order granting in part Mother's request for attorneys' fees and costs.  Mother's motion was granted:

---

[2]     The Honorable Steven M. Nakashima presided.

[3]     Judge Nakashima signed the orders.

[4]     The Honorable Gale L.F. Ching presided over the trial.

> regarding [Mother's] Motion to Compel & enforcement of discovery production, the preparation, filing & litigation of Petitioner's Emergency Motion regarding jurisdiction and the filing & litigation of the Motion requesting fees (fees related to the Motion for fees are subject to the court's evaluation of amount of reasonable costs related to granted relief[)]. . . .
>
> . . . .
>
> [Mother]'s request for fees regarding issues of custody & child support are denied.

Mother's counsel was directed to submit a declaration of fees with redacted billing statements reflecting the amounts requested.

Mother's counsel timely submitted a declaration and exhibits, including 29 pages of billing statements that were "redacted as necessary to protect attorney-client privilege and/or remove non-chargeable events." Mother requested attorneys' fees and costs totaling $16,422.79. Father submitted a timely opposition. In response, Mother's counsel submitted a supplemental declaration. The Order Awarding Fees and Costs was entered on December 9, 2019. The family court awarded $16,422.79 (the total amount requested), and entered findings of fact and conclusions of law on June 17, 2020. This appeal followed.

Father contends that the family court erred when it: **(1)** awarded Mother attorneys' fees and costs with respect to her Motion for Emergency Jurisdiction; **(2)** awarded Mother attorneys' fees and costs to the extent that the fees and costs pertained to litigation of the issues of child custody or child support; and **(3)** awarded Mother costs in the form of reimbursement for Hawaiʻi general excise tax, legal intern expenses, and paralegal expenses.

Father's statement of the points of error does not designate any of the family court's findings of fact as error. Findings of fact that are not specified as error pursuant to Rule 28(b)(4)(C) of the Hawaiʻi Rules of Appellate Procedure

(**HRAP**)[5] are binding on the appellate court.  Bremer v. Weeks, 104 Hawai'i 43, 63, 85 P.3d 150, 170 (2004).  "If a finding [of fact] is not properly attacked, it is binding; and any conclusion [of law] which follows from it and is a correct statement of law is valid."  Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 252, 948 P.2d 1055, 1093 (1997), as amended (Jan. 13, 2004) (citation omitted).

We review conclusions of law under the "right/wrong" standard.  Est. of Klink ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007).  A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned.  Id.  When a conclusion of law presents mixed questions of fact and law, we review it under the "clearly erroneous" standard because the court's conclusions are dependent on the facts and circumstances of each individual case.  Id.

**(1)**  Father contends that the family court erred when it awarded Mother attorneys' fees and costs with respect to her Motion for Emergency Jurisdiction.  Mother moved for attorneys' fees and costs under Hawaii Revised Statutes (**HRS**) § 584-16

---

[5]    HRAP Rule 28 provides, in relevant part:

> **(b)  Opening brief**.  Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:
>
> . . . .
>
> (4)  A concise statement of the points of error set forth in separately numbered paragraphs.  Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.  Where applicable, each point shall also include the following:
>
> . . . .
>
> (C)  when the point involves a finding or conclusion of the court or agency, either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions[.]

(2018), part of the Hawaiʻi Uniform Parentage Act.  The statute provides, in relevant part:

> **§ 584-16 Costs**.  The court may order reasonable fees of counsel, experts, and the child's guardian ad litem, and other costs of the action and pre-trial proceedings, including genetic tests, subject to the provisions of section 584-11(f) [concerning contested genetic testing results], to be paid by the parties in proportions and at times determined by the court.

The purpose of the statute is to apportion the costs of suit. Doe v. Roe, 5 Haw. App. 558, 571, 705 P.2d 535, 545 (1985).  The family court is given broad discretion to award attorney's fees and costs under the statute; the award will not be disturbed on appeal if the record discloses adequate showing of reasonableness of the award.  Doe VI v. Roe VI, 6 Haw. App. 629, 644, 736 P.2d 448, 458 (1987).  Father, as appellant, "bears the burden of convincing this court from the record that the lower court abused its discretion."  Doe, 5 Haw. App. at 572-73, 705 P.2d at 546 (citations omitted).

Mother's Motion for Emergency Jurisdiction was authorized under HRS § 583A-204 (2006), part of the Hawaiʻi Uniform Child-Custody Jurisdiction and Enforcement Act.  The statute provides, in relevant part:

> **§ 583A-204  Temporary emergency jurisdiction**.  (a) A court of this State has temporary emergency jurisdiction <u>if the child is present in this State</u> and the child has been abandoned or it is necessary in an <u>emergency to protect the child because the</u> child, or a sibling or <u>parent of the child, is subjected to or threatened with mistreatment or abuse</u>.

(Underscoring added.)

The family court made the following findings of fact which, being unchallenged, are binding on us and the parties:

> 20.   After considering the evidence at trial, credible witness testimony and the written closing arguments of the parties, and in the best interest of the child, the trial Court entered its <u>Order Re: May 13, 2019 Hearing</u>, filed June 5, 2019.  The Court found in [Mother]'s favor and granted all requested relief, including, but not limited to, entering its findings and orders as follows that:

> a. Defendant had committed acts of family violence against [Mother.]
>
> . . . .
>
> 21. [Mother] was the prevailing party on all issues raised at trial.
>
> 22. [Mother]'s income was $1,375.00 per month and this income was uncontested by [Father].
>
> 23. [Father]'s income was determined by the Court to be $9,931.00 per month.

The family court then entered the following conclusions of law:

> 2. Hawaii Revised Statutes "(HRS)" §584-16, pertains to paternity actions[.] . . .
>
> . . . .
>
> 4. HRS § 584-16 specifically deals with paternity cases and the potential financial burden that one party may have to incur as a result of litigating a case even where the party is indigent and fees and costs cost are to be paid to the State, or such persons as the Court shall direct.
>
> . . . .
>
> 6. In determining whether the award of attorney's fees was reasonable, the Court considered the totality of the circumstances, including that [Mother] prevailed on all of her requests, the financial resources of [Mother], who earned $1,375.00 per month and [Father], who earned $9,931.00 per month and determined that [Mother] suffered financially **to litigate the issue of jurisdiction**, enforce Court's orders, enforce her discovery requests and seek fees and costs regarding: (a) fees and costs related to [Mother]'s Motion to Compel and enforcement of discovery production, (b) **fees and costs related to [Mother]'s filing and litigation of her Emergency Motion regarding jurisdiction and the Petition for Paternity;** (c) fees and costs related to Petitioner's filing and litigation of her Motion requesting fees and costs.

(Emphasis added.) The family court did not abuse its discretion because it applied the correct law to the unchallenged facts. See Klink, 113 Hawai'i at 351, 152 P.3d at 523.

Father argued below, as he does on appeal, that Mother's attorneys' fee award should be precluded by Cox v. Cox, 138 Hawai'i 476, 382 P.3d 288 (2016). In Cox, a majority of the supreme court held that the attorneys' fee and cost provisions of

Rule 68 of the Hawai‘i Family Court Rules (**HFCR**)[6] do not apply to family court cases governed by HRS § 580-47 (Supp. 2011).[7]  <u>Id.</u> at 478, 382 P.3d at 290.  The family court concluded:

> 8.   [Father]'s argument regarding attorneys' fees, relying on <u>Cox v. Cox</u>, 138 Haw. [sic] 476, 382 P.3d 288 (2016), a divorce case, is misplaced.  The instant case, a paternity matter under HRS Chapter 584, is distinguished from the Court's holding in <u>Cox</u>, in that the Court considered an award of attorney's fees pursuant to HRS Chapter 580, which applies to divorce cases and opined on settlement offers made pursuant to Hawaii [sic] Family Court Rules (HFCR), Rule 68, which contravenes HRS § 580-47 (trial court's discretion to award of attorney's fees and costs in divorce).  Comparatively, the award of attorneys' fees and costs in paternity matters is made pursuant to HRS § 584-16 and applicable law.

We agree with the family court that <u>Cox</u> has no bearing on this case — a paternity case under HRS Chapter 584 — which deals with neither HFCR Rule 68 nor HRS § 580-47.

**(2)**  Father contends that the family court erred by awarding Mother attorneys' fees and costs to the extent that the fees and costs pertained to litigation of the issues of child custody or child support.  The family court specifically concluded:

> 13.  Charges for work performed on the Petition for Paternity relating to the issues of custody and child support were ***denied.***  In consideration of the totality of the circumstances, it is fair, equitable and reasonable that each party pay for [their] own attorneys' fees and costs.

(Emphasis added.)

---

[6]    HFCR Rule 68 "mandate[s] an award of costs, including reasonable attorney's fees, to a party who offers to settle certain classes of family court cases in the amount or upon the terms specified in the offer, if the offer is refused by the offeree and 'the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, unless the court shall specifically determine that such would be inequitable.'"  <u>Cox</u>, 138 Hawai‘i at 478, 382 P.3d at 290.

[7]    HRS § 580-47 deals with child and spousal support orders in divorce cases, and "directs the family court to determine the equity and justice of awarding attorney's fees based on a multifactor analysis in the course of deciding whether to award such fees."  <u>Cox</u>, 138 Hawai‘i at 481, 382 P.3d at 293.

Father argues that the attorneys' fees incurred by Mother in connection with the Motion for Emergency Jurisdiction are indivisible from those incurred in connection with child custody and child support issues, which were denied by the family court. For each billing entry at issue, we quote Father's argument to the family court, the billing entry at issue, Mother's response, and the family court's conclusion.[8]

Father's argument:

4.   The August 29, 2018 billing entry pertains to general intake and does not reference the Motion for Emergency Jurisdiction.

Billing entry:

**Aug-29-18**   Review and evaluate notes from consultation meeting with client; Draft summary instruction email to team.

Review and evaluate client's response email and attachments supporting allegations of abuse; Forward to team with instructions for further action.

Mother's response:

5.   Regarding paragraph 4 of [Father]'s Opposition, the August 29, 2018 billing entry was necessary for [Mother] to be able to file [Mother's] Motion for Emergency Jurisdiction ("[Mother]'s Motion for Emergency Jurisdiction") and, as such, this expense is recoverable.

Family court's conclusion:

15.   The August 29, 2018 billing entry regarding general intake is recoverable based on the relevant facts in the file that show the underlying facts regarding her Motion for Emergency Jurisdiction were based on her allegations of abuse, the initial basis for her filing her Protective Order Petition.

Conclusion of law no. 15 is a mixed finding of fact and conclusion of law. To the extent it found facts, it is binding.

---

[8]   Father's opening brief argues that additional time entries were indivisible and should not have been allowed, but we decline to address them because Father raises them for the first time on appeal. See HRS § 641-2 (2016) (stating that the "appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner.").

Kawamata Farms, 86 Hawai'i at 252, 948 P.2d at 1093. The family court did not abuse its discretion by concluding that Mother, the prevailing party in the Motion for Emergency Jurisdiction, was entitled to an award of attorneys' fees under HRS § 584-16 for the August 29, 2018 billing entry.

Father's argument:

5.    The August 30, 2018 billing entry pertains in part to the Petition for Paternity.

Billing entry:

**Aug-30-18**    Draft Petition for Paternity, draft Motion for Emergency Declaration, draft Memorandum in Support of Motion; draft decalration [sic] of client to attach to Emergency Motion.

Mother's response:

6.    Regarding paragraph 5 of [Father]'s Opposition, the August 30, 2018 billing entry refers only in part to [Mother]'s Petition for Paternity . . . and the preparation and filing of the Paternity Petition was necessary for [Mother] to proceed with [Mother's] Motion for Emergency Jurisdiction. Moreover, the drafting of the Petition for Paternity was a nominal event for that billing entry.

Family court's conclusion:

16.    The August 30, 2018 billing entry is recoverable because notwithstanding the reference in part to the Petition for Paternity, the Petition is legally necessary in order to have a case in which to file a Motion for Emergency Jurisdiction and also pertains to matters other than custody and visitation.

Conclusion of law no. 16 is also a mixed finding and conclusion. There was no error in concluding that Mother was entitled to an award of attorneys' fees under HRS § 584-16 for the August 30, 2018 billing entry. Mother's counsel represented that "the drafting of the Petition for Paternity was a nominal event for that billing entry." In awarding attorneys' fees in a case involving multiple claims, some for which attorneys' fees are recoverable and some for which they are not, "a court must base its award of fees, if practicable, on an apportionment of the fees claimed between [recoverable] and [non-recoverable]

9

claims." Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001) (citation omitted). Conclusion of law no. 16 was not an abuse of discretion.

Father's argument:

6.     The September 5, 2018 billing entry pertains in part to the TRO hearing and Petition for Paternity.

Billing entry:

**Sep-05-18**     Review and revise exhibits for TRO hearing prepared by Caitlin Axe; Instruct on additional potential exhibits to include in motion.

Review and finalize Petition for Paternity, Motion for Emergency Jurisdiction, meet with client to execute the same. Answer client's questions regarding recent contact from opposing party's Texas attorney. Review and finalize Ex Parte Motion to Shorten Time on Motion for Emergency Jurisdiction.

Telephone call with [Mother's counsel]. Met with client regarding status of service on TRO. Prepare check requests and prepare documents to be submitted to go to court for filing.

Mother's response:

7.     Regarding paragraph 6 of [Father]'s Opposition, the September 5, 2018 billing entry pertains to the hearing on [Mother]'s Petition for an Order for Protection ("[Mother]'s Protective Order Petition") and [Mother]'s Paternity Petition. These hearings were consolidated with [Mother]'s Motion for Emergency Jurisdiction and are inextricably linked since the allegation in the Protective Order Petition were the basis for the Motion for Jurisdiction and the Paternity Petition was required for the Motion for Emergency Jurisdiction to be heard.

Family court's conclusion:

17.     The September 5, 2018 billing entry is recoverable because the hearing on [Mother]'s Motion for Emergency Jurisdiction was consolidated with the TRO hearing and Petition for Paternity and is indivisible in terms of legal work performed.

Conclusion of law no. 17, a mixed finding and conclusion, was not erroneous because to the extent fees relating to custody and child support may have been reflected in the August 29 and 30 and September 5, 2018 billing entries, the fee

award was not an abuse of discretion because the family court found that it was not practicable to apportion the time at issue. Blair, 96 Hawaiʻi at 332, 31 P.3d at 189.

(3)     Father contends that the family court erred when it awarded Mother costs in the form of (a) reimbursement for Hawaiʻi general excise tax, (b) legal intern expenses, and (c) paralegal expenses.   The family court concluded:

> 9.     G.E.T. taxes on attorney's fees and costs are reasonable and recoverable under HRS § 607-9.  See Doe v. Roe, 5 Haw. App. 558, 705 P.2d, [sic] 525 [sic] (1985) (stating that because HRS § 584-16 does not include specific costs, the Court held that it would "analogize HRS § 584-16 to HRS § [sic] 607 since they are in pari materia and [the Court] would consider cases construing the latter statute to decide the issue of fees and costs.")[.]
>
> 10.     Charges for work performed by a legal intern are reasonable and recoverable under HRS § 607-9 as a reasonable part of Petitioner's attorney's fees and costs.  See First Ins. Co. of Hawaii, Ltd. v. Daoan [sic], 124 Haw. [sic] 426, 437 (2010).
>
> 11.     Charges for work performed by paralegals are reasonable and recoverable under HRS § 607-9 as a reasonable part of Petitioner's attorney's fees and costs.  See Id. [sic] at [sic] 437.

Conclusion no. 9 was not wrong.   HRS § 584-16 does not specify what costs are included in "other costs of the action and pre-trial proceedings."   In Doe, 5 Haw. App. 558, 705 P.2d 535, we analogized HRS § 584-16 to HRS Chapter 607 because they are in pari materia, and considered cases construing the latter statute to decide what fees and costs were recoverable under the former. Id. at 570 n.11, 705 P.2d at 545 n.11.   Hawaiʻi general excise taxes are recoverable as costs under HRS § 607-9.  See Blair, 96 Hawaiʻi at 336, 31 P.3d at 193.

Conclusion nos. 10 and 11 were also not wrong.  See Blair, 96 Hawaiʻi at 336, 31 P.3d at 193 ("[A] request or award of attorneys' fees may, in appropriate cases, include compensation for separately billed legal services performed by a paralegal, legal assistant, or law clerk . . . for work performed that would otherwise have been required to be performed by a

licensed attorney at a higher rate[.]").  The family court
cautioned Mother's counsel:

> So . . . in submitting your calculation of fees, please look
> at all the considerations in the court's calculation of
> that: duplication; the way in which people use paralegals to
> do work that really are [sic] just secretarial work; all of
> that that otherwise would be included in what your fee is as
> opposed to how much time you spent.  Okay.
>
> I've had to reject one case because it was just sort
> of everything was thrown in and there was no time spent
> gleaning over the bill as to what really are attorney's fees
> and costs.

The family court properly recognized the distinction between
delegating work to a paralegal that would otherwise have to be
performed by an attorney, and delegating non-billable secretarial
work to a paralegal so that it could be billed.

Based upon the foregoing, we affirm the family court's
"Order Awarding Petitioner's Attorney's Fees and Costs" entered
on December 9, 2019.

DATED:  Honolulu, Hawaiʻi, September 3, 2021.

On the briefs:

JST, Petitioner-Appellee
(no brief filed).

Mitchell S. Wong,
for Respondent-Appellant TAP.

Brandon K. Flores,
for Appellee Child
Support Enforcement Agency,
State of Hawaii
(no position filed).

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge